John DeCLERK et al *v.* Bob TRIBBLE

82-81                                               637 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered June 14, 1982
[Rehearing denied July 12, 1982.*]

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellants.

*Barrett, Wheatley, Smith & Deacon,* and *J. F. Sloan, III,* for appellee.

GEORGE ROSE SMITH, Justice. The principal issue in this action for damage to a garage building is whether the trial court was right in refusing to enter a default judgment against the appellee, Bob Tribble, after his failure to file an answer within the time allowed. At a trial on the merits the jury found for Tribble. Our jurisdiction is under Rule 29 (1) (c).

The question is whether Tribble's default was due to "excusable neglect" on the part of his attorney. ARCP Rule 55 (c); *Sparks* v. *Shepherd,* 255 Ark. 969, 504 S.W.2d 716

*DUDLEY, J., not participating.

(1974). The only proof to justify the attorney's neglect is his affidavit that he prepared a timely answer, but upon its completion his secretary put it in a place where it was covered by other papers and was not brought to the attorney's attention until four days after its due date. If such carelessness is excusable, then any attorney can shift the responsibility for filing any pleading to his secretary by simply dictating the pleading and dismissing the matter from his mind. The trial judge clearly abused his discretion in condoning such negligence.

It is argued by the appellee that the notice of appeal was defective in referring only to the court's denial of a motion for a new trial instead of to the original judgment on the verdict. No greater specificity was necessary. An order refusing a new trial is final and brings up for review any preceding order involving the merits. Rules of Appellate Procedure, Rule (2) (a) (3) and (b). Moreover, the appellants designated the entire record for the appeal; so the alleged defect in the notice of appeal could not have prejudiced the appellee.

Reversed and remanded for the entry of a default judgment and for the determination of damages alleged in the complaint on file when the default occurred. See *S. R. Morgan & Co.* v. *Pace,* 145 Ark. 273, 224 S.W. 483 (1920).

DUDLEY, J., not participating.