Josie WEBB *v.* Jean LAMBERT, Individually and as
Surviving Heir of Charles Lambert

87-256                                                          748 S.W.2d 658

Supreme Court of Arkansas
Opinion delivered May 9, 1988
[Rehearing denied June 6, 1988.*]

*Grisham A. Phillips*, for appellant.

*C. Scott Clark*, for appellee.

ROBERT H. DUDLEY, Justice. The defendant did not file an answer within 20 days following service of summons, but, instead, filed an answer on the 28th day. The defendant did not offer any evidence of excusable neglect, unavoidable casualty, or other just cause for the late answer, but, even so, the trial court refused to grant a default judgment. We reverse and remand.

---

*Hays, J., would grant rehearing.

The plaintiff filed suit, and the defendant was personally served on October 29, 1985. The defendant, a resident of Arkansas, employed an attorney who mailed an answer to the plaintiff's attorney on November 15, 1985, which was within 20 days of the date of service. The plaintiff's attorney quite naturally assumed that the answer had been filed with the clerk of the court, but, in fact, the defendant's attorney had not filed an answer with the clerk, and did not do so until November 26, 1985, which was 28 days after service. The defendant's attorney did not disclose the late filing to the plaintiff's attorney. On May 14, 1987, just before the trial was scheduled to begin, the plaintiff's attorney examined the court file and found the out-of-date answer. He immediately moved to strike the answer and also moved for a default judgment. Still before the trial began, the Chancellor had a hearing on both of the motions. At that hearing, the defendant did not offer any evidence of excusable neglect, unavoidable casualty, or other just cause. The Chancellor took the motions under advisement and went ahead with the trial. Later, the Chancellor denied the motion to strike the answer, denied the motion for a default judgment, and ruled against the plaintiff on the merits of this equitable lien case. The plaintiff appeals from the trial court's refusal to strike the answer and enter a default judgment.

Under ARCP Rule 12(a), a resident defendant is required to file an answer within 20 days of the date of service. To "file" an answer means that the answer "shall be filed with the clerk of the court" Rule 5(c), or with the judge, Rule 5(d). Neither was done. Upon failure of a resident defendant to file an answer within 20 days the court "shall" grant a default judgment under Rule 55(a), unless there is excusable neglect, unavoidable casualty, or other just cause as provided in Rule 6(b). In the absence of excusable neglect, unavoidable casualty, or other just cause, it is an abuse of discretion for the trial judge to refuse to grant a default judgment. *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). Here, there was no showing of excusable neglect, unavoidable casualty, or other just cause. Therefore, the trial court abused its discretion in refusing to strike the answer and in refusing to grant the default judgment.

We reverse and remand for proceedings consistent with this opinion.

HOLT, C.J., HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. In reversing this case the majority views it from the narrow perspective of ARCP Rule 12(a), requiring that an answer be filed within twenty days after service, and from the absence of any evidence that the eight day delay in filing the original answer was attributable to excusable neglect, unavoidable casualty or other just cause. But the situation presented is more complex than that and because I believe the trial court ruled correctly, I respectfully dissent.

The majority observes that counsel for the appellee did not disclose to opposing counsel that the answer was filed late, which suggests that counsel was knowledgeable of that fact. While that may be an accurate assumption, it is an assumption nonetheless. As the record tells us nothing either way, and since lawyers often leave such routine tasks to others, counsel for appellee may not have been aware of when the original pleading was actually filed. It is clear that that unknown factor had no bearing on the trial court's decision and by our own rules this court should not draw an inference from a silent record which is adverse to the appellee.

The majority relies entirely on the case of *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982), where we held, correctly I think, that it was not excusable neglect where counsel dictated an answer within the twenty days, but after it was prepared a secretary laid it aside where it stayed unnoticed until four days after the due date. We pointed out if such carelessness were excusable, then responsibility for timely filing of pleadings could be easily shifted from the attorney to his staff. That case bears little resemblance to the case before us.

Here, the copy of the answer was mailed to opposing counsel and received within the twenty days. Thereafter the case proceeded routinely for eighteen months during which the appellant served interrogatories on the appellee, obtained one continuance, agreed to another continuance requested by appellee, and not until the very hour of trial did counsel for appellant raise any issue over the belated filing of the answer.

Certainly ARCP Rule 5(c) is relevant, but other considerations are equally relevant. Even Rule 5(c) suggests that where an answer is served upon opposing counsel within time, the filing of

the original with the clerk may occur within a reasonable time. The rule states that "all papers *after the complaint* shall be filed with the clerk either before service or within a reasonable time thereafter.

But other rules offer greater sanction. Rule 55(a) provides that when a party has failed to appear "or otherwise defend," judgment by default shall be entered by the court. Section (b) provides that if the party has appeared in the action, "he" shall be served with written notice of the application for default judgment "at least three days prior to a hearing on such application."

In this case, appellee obviously did not fail to appear or otherwise defend, nor was appellee served with written notice or even oral notice three days prior to a hearing on the default judgment motion. In such circumstances, where the issue is not raised until the hour of trial, I believe the trial court's discretion is clearly paramount and we have recognized that fact in cases with less merit than this one. *Cammack* v. *Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984); *Burns* v. *Shamrock Club*, 271 Ark. 572, 609 S.W.2d 55 (1980), where we said:

> It is within the sound discretion of the trial court to grant or deny a motion to set aside a default judgment, and the question on appeal is whether there has been an abuse of that discretion. Default judgments are not favorites of the law and should be avoided when possible. [Citations omitted.]

Moreover, in *Cammack* v. *Chalmers*, we pointed out that Ark. Stat. Ann. § 27-1160 (Repl. 1979), incorporated in ARCP Rule 61, provides:

> The court must in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be revised or affected by reason of such error or defect.

We have held that a party who does not object to a late answer before trial has waived an objection. *St. Louis & So. Ry. Co.* v. *Faist & Co.*, 99 Ark. 61, 137 S.W. 815 (1911); *Updegraff* v. *Marked Tree Lumber Company*, 83 Ark. 154, 103 S.W. 606 (1907). We have also said repeatedly that default judgments are

not favored by the courts and should be avoided when possible. *Tapp* v. *Fowler*, 291 Ark. 309, 724 S.W.2d 176 (1987); *A.O. Smith Harvester Products, Inc.* v. *Burnside*, 282 Ark. 27, 665 S.W.2d 288 (1984).

I would affirm the trial court.

HOLT, C.J., and GLAZE, J., join this dissent.