William SPIRES and Betty Ruth Spires *v.* Wayne
RUSSELL and Shauna Russell

89-157                                          780 S.W.2d 547

Supreme Court of Arkansas
Opinion delivered December 4, 1989

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Compton, Prewett, Thomas & Hickey*, by: *William I. Prewett*, for appellee.

DAVID NEWBERN, Justice. On July 20, 1987, Act 70 of 1987 came into effect. Section 1 of the act has been codified as Ark. Code Ann. § 27-53-402 (Supp. 1989) as follows:

> (a) In all cases wherein loss or damage occurs to property resulting from motor vehicle collision amounting to one thousand dollars ($1,000) or less, and the defendant liable, without meritorious defense, shall fail to pay the loss or damage within sixty (60) days after written notice of the

claim has been received, then the defendant shall be liable to pay the person entitled thereto double the amount of the loss or damage, together with a reasonable attorney's fee, which shall not be less than two hundred fifty dollars ($250), and courts costs.

(b) This liability, which is limited to damage to property, attaches when liability is denied and suit is filed.

The act was an amendment of the previous law which had applied in cases where the property damage from a collision had amounted to $300 or less. The effect of the amendment was to raise the limit on the statute's applicability from $300 to $1000. The question on this appeal is whether the statute applies where liability for damages, arising from an automobile accident which occurred before the statute came into effect, was denied and suit was filed after the statute came into effect. We hold the statute applies.

On March 11, 1987, a car owned by appellee Wayne Russell and driven by appellee Shawna Russell (Tucker) struck a parked pickup truck owned by appellants William and Betty Ruth Spires. The Spireses brought suit on April 20, 1988, for $828.24 plus attorney fees and court costs. On May 4, 1988, the Russells filed an answer and third-party complaint in which they denied liability. Shortly before the case came to trial, but well after the 60-day period had passed, the Russells offered to pay the amount of the Spires's stipulated damages, $414.12. The offer was refused.

The trial court found in favor of the Spireses but refused to double the damages because the statute had come into effect after the occurrence of the accident.

The Spireses argue that the language of subsection (b) of the statute makes it clear that liability attaches upon the denial and filing of suit which came after the statute became effective. They contend that, because subsection (b) is clear and unambiguous in that respect, it is not subject to another interpretation, citing *Biship* v. *Linkway Stores, Inc.,* 280 Ark. 106, 655 S.W.2d 426 (1983).

The Russells counter that in order for the statute to apply in this case, we would have to deem it to operate retroac-

tively and that we should not do so because the law is a penalty subject to strict construction and is a change in the substantive rather than procedural law. While we agree with the general propositions of law, we cannot help but observe that this case presents no question of retroactive application of the statute, and thus it is irrelevant whether the amendment imposed a penalty or is a procedural or substantive change in the law.

The cases cited by the Russells are thus also irrelevant. First, they cite *Lucas* v. *Handcock*, 266 Ark. 142, 583 S.W.2d 491 (1979), which concerned Act 714 of 1981 which was passed to cure constitutional defects in the Arkansas statute governing inheritance by "illegitimate" children. We held the act was not to apply retroactively because it dealt with the substantive rather than procedural rights. In that case, we had been asked to apply the new act to an inheritance which was pending when the act went into effect. Unlike this case, there was a question of retroactivity because the event, the decedent's death, to which the statute was argued to apply, occurred before the effective date of the statute.

The same is true of *Huffman* v. *Dawkins*, 273 Ark. 520, 622 S.W.2d 159 (1981), where we considered whether Act 714 of 1981 was passed to cure the constitutional defects in the dower law. The question of retroactivity arose because the event, which was the death of a testator, occurred before the constitutionally curative amendment came into effect.

Again, these cases were correctly decided, but the statutes being considered in them came into effect subsequent to the dates of the events which, by the terms of the statutes, made them applicable. The statute in this case provides that the additional liability "attaches when liability is denied and suit is filed." These events occurred well after the statute came into effect.

The statute in question in this case clearly provides when it shall apply. The events which made it applicable here, *i.e.,* denial of liability and filing of suit, both occurred after the statute came into effect. By applying it in this case, the trial court would not have been applying it retroactively but to an event which occurred after it went into effect.

Reversed and remanded for orders consistent with this

opinion.

HICKMAN and GLAZE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority is wrong when it states this case does not involve the retroactive application of a statute. It does.

At the time the property damage occurred in this case, the defendants were liable only for singular damages. The majority's application of Act 70, which allows the imposition of double damages, retroactively enlarges that liability. Statutes which impose, remove or change a monetary limitation on recovery should be applied prospectively only. *Thomas* v. *Cumberland Operating Co.,* 569 P.2d 974 (Okla. 1977). In that case, the administrator's decedent was killed in an accident. At the time of the accident, certain types of damages were not recoverable in wrongful death cases, but by the time suit was filed, a law had been passed which allowed recovery of additional damages. The court held that the statute in effect at the time of the accident governed the limitations on recovery:

> A statute passed subsequent to the injury increasing the amount recoverable in a wrongful death action creates a new element of damages as distinguished from a new remedy to enforce an existing right. Statutory increases in damage limitations are changes in substantive rights and not merely remedial changes. Therefore these increases are not applicable retroactively to injuries sustained prior to the effective date of the statute permitting increased recovery.

The statute in this case changed a monetary limitation on recovery. It allowed recovery of double damages in a situation where, before its passage, recovery was limited to singular damages. Therefore the statute should not be retroactively applied to property damage which occurred before the effective date of the statute. *See also Kleibrink* v. *Missouri-Kansas-Texas Railroad Co., Inc.,* 224 Kan. 437, 581 P.2d 372 (1978); *MFA Ins. Co.* v. *Hankins,* 610 P.2d 785 (Okla. 1980).

The Small Property Damage Claims Act has been characterized as neither purely remedial or substantive, but penal. *Rouse* v. *Weston,* 243 Ark. 396, 420 S.W.2d 83 (1967). In

construing penal statutes, nothing will be taken as intended that is not clearly expressed, and construction is strictly in favor of those upon whom the penalty may be imposed. *Harber* v. *Shows*, 262 Ark. 161, 553 S.W.2d 282 (1977); *Missouri-Pacific Railroad Co.* v. *Lester*, 219 Ark. 413, 242 S.W.2d 714 (1951). With these rules of construction in mind, I fail to see how the majority can apply the statute to the defendants in this case.

A California court, in considering a statute which imposed double damages for trespassing and cutting timber, explained the reasons for its reluctance to retroactively impose double damages:

> We have concluded that the new section is not entirely procedural, nor is it remedial, but that it creates new obligations and exacts new penalties because of past transactions, and hence those provisions relating to double damages must be treated as penal and punitive.
>
> . . . .
>
> Laws which create new obligations, or impose new duties, or exact new penalties because of past transactions, have been universally reprobated by civil and common law writers, and it is to be presumed that no statute is intended to have such effect, unless the contrary clearly appears.

*Helm* v. *Bollman*, 176 Cal. App. 2d 838, 1 Cal. Rptr. 723 (1959).

In *United States* v. *Mashburn*, 85 F. Supp. 968 (W.D. Ark. 1949), it was held that a statute which imposed treble damages against a landlord for overcharging rent should not be retroactively applied. The court declared that the general rule of prospective application is especially proper "when such retroactive operation would create a new liability or affect an existing liability to the detriment of the defendant."

The statute in this case imposes a penal liability and creates a new obligation. The liability of the defendants, which existed prior to the effective date of the statute, was limited to singular damages. The statute should not now be retroactively applied to double their liability.

The majority claims that the event which triggered applica-

tion of the statute was not the accident but the denial of liability and filing suit. In other words, though the limit of liability was singular damages at the time the accident occurred, the limit doubled upon filing of suit by the plaintiffs. This means that, upon filing suit, a new liability was imposed which did not exist at the time of the accident. That is retroactive application of the statute, pure and simple. It was, after all, the occurrence of the accident which gave rise to any liability in the first place.

The law should only be retroactively applied if the legislature expressed that intention. There is no evidence that the legislature intended the statute to be applied to property damage claims arising before its passage. The presumption is that legislation is to operate prospectively, not retroactively. *Black* v. *Special School Dist. No. 2*, 116 Ark. 472, 173 S.W. 846 (1915). Legislation will not be construed as being retroactive if it may reasonably be construed otherwise, and any doubt is resolved against retroactive application. *Arkansas Rural Medical Practice Student Loan & Scholarship Bd.* v. *Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987); *Roberson* v. *Roberson*, 193 Ark. 669, 101 S.W.2d 961 (1937). Retroactive application of laws is generally regarded as unfair. 2 Singer *Sutherland Statutory Construction*, § 41.01 (4th ed. 1986). Even remedial legislation, which is sometimes applied retroactively, may not be so applied unless the legislature's intent is so clear, strong and imperative as to have no other meaning. *Luter, supra.*

The last sentence of the act, which reads that liability attaches when liability is denied and suit is filed, does not clearly show an intention of retroactive application. In fact, that language has nothing to do with retroactive application. It means that, once liability is denied and suit is filed, it is too late for the defendant to pay the claim without suffering double damages and attorney fees. Similar efforts to escape penal liability have been engaged in by insurance companies that attempt to confess judgment after the insured has been required to file suit. *See Equitable Life Assurance Society* v. *Gordy*, 228 Ark. 643, 309 S.W.2d 330 (1958); *Commercial Union Assurance Co.* v. *Leftwich*, 191 Ark. 656, 87 S.W.2d 55 (1935). We held that once suit is filed, the attorney fees and penalty attach. No doubt the language in this act is intended to prevent these attempts to avoid penal liability.

I would not apply this statute because it retroactively enlarges the defendants' liability, and there is no evidence that the legislature intended such an application. I would affirm.

TOM GLAZE, Justice, dissenting. I disagree with the majority decision. In my view, the issue involved here concerns whether Ark. Code Ann. § 27-53-402 (Supp. 1989), as amended by Act 70 of 1987, can be retroactively applied to a tort action occurring on March 11, 1987, and arising before Act 70's enactment. If Act 70 had not been enacted, the appellants clearly would have been limited in the amount of the damages they sought. Under the original version of § 27-53-402, appellants could have recovered double damages based upon a property loss not to exceed a $300 amount. Act 70, on the other hand, authorized double damages to be based upon a loss not to exceed $1,000. Here, the Spires's stipulated damages were $412.12; thus such damages under Act 70 permits the Spires damages they were unable to recover under prior law. Whether the $1,000 amount under Act 70 rather than the $300 amount under prior law applies to the present circumstances depends solely on whether Act 70 can be applied to an action for property loss which arose before Act 70's enactment.

As noted above, the prior language in § 27-53-402 is the same as now except Act 70 amended it to increase the amount of damages and costs a plaintiff can seek. Thus, Act 70 unquestionably is remedial legislation. The established rule of construction applicable to such legislation is as follows:

> The established rule is that all statutes are to be construed as having only a prospective operation, unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used.

> \*      \*      \*

> The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create no obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should . . . be given a retrospective effect whenever such seems to have been the intention of the Legislature.

*State ex rel Moose* v. *Kansas City & Memphis Ry. and Bridge Co.,* 117 Ark. 606, 174 S.W. 248 (1914).

> In construing remedial legislation, the courts do so with appropriate regard to the spirit which prompted its enactment, the mischief sought to be abolished and the remedy proposed. *Skelton* v. *B. C. Land Company,* 260 Ark. 122, 539 S.W.2d 411 (1976). It is also an established rule that remedial legislation shall be liberally construed. *Chicago Mill & Lumber Company* v. *Smith,* 228 Ark. 876, 310 S.W.2d 803 (1958), and *Schultz* v. *Rector-Phillips-Morse, Inc.,* 261 Ark. 769, 552 S.W.2d 4 (1977).

*Aluminum Co. of Am.* v. *Neal,* 4 Ark. App. 11, 626 S.W.2d 620 (1982).

In passing Act 70, the General Assembly gave no hint that it intended the increased damages authorized by that Act to apply to vehicular-property losses that had already occurred before the Act's enactment. As a result, I must conclude that, under the circumstances of this case, appellants are restricted to those damages authorized under § 27-53-402, as it read when appellants' loss was sustained. *Cf. Aluminum Co. of Am.* v. *Neal,* 4 Ark. App. 11, 626 S.W.2d 620. Therefore, I would affirm the lower court's ruling.