Doyle HOOD as Next Friend and on Behalf of
Cory Hood, A Minor *v.* ARKANSAS SCHOOL
BOARD INSURANCE COOPERATIVE

CA 90-317                                            811 S.W.2d 1

Court of Appeals of Arkansas
Division I
Opinion delivered June 5, 1991

*Randall W. Dixon*, for appellant.

*W. Paul Blume*, for appellee.

MELVIN MAYFIELD, Judge. This suit was filed on behalf of Cory Hood, a minor, by his father, as next friend, against the Arkansas School Board Insurance Cooperative (ASBIC), the Russellville Public School, and Gallagher Bassett Services, Inc. The complaint alleged that the Russellville Public School is a school district for the State of Arkansas, that its insurance carrier is the ASBIC, and that Gallagher Bassett Services, Inc. is a foreign corporation licensed to do business in the State of Arkansas.

It is then alleged that Cory Hood, while riding on a bus owned and operated by the Russellville Public Schools, was assaulted and sustained severe damage to his right eye, and that his injuries and damages were caused by the negligence of the school bus driver acting as agent for the school district. The complaint also alleged that as a direct and proximate result of the bus driver's negligence the plaintiff suffered damages and expended monies for treatment of injuries, and judgment is prayed against the defendants for these damages and expenses.

None of the defendants filed an answer within the proper time after service of summons but eventually they filed a pleading entitled "Response to Motion for Default Judgment and Motion to Permit Defendants to Answer." In this response, the defendants admitted that they did not timely respond to the complaint filed by the plaintiff "due to an administrative oversight." But it was alleged that "it would be inappropriate for the court to enter default judgment against the defendants in that none of [them] is a proper party under the circumstances of the case and, therefore, the entry of default judgment would produce an unjust result." This pleading also alleged that the Russellville Public School was an entity immune from suit for tort liability, that the ASBIC "is not an insurer and is an unincorporated association," and that Gallagher Bassett Services, Inc. is a "foreign corporation which provides services on claims to the Russellville School District" and does not provide insurance. The prayer of this pleading is for the court to deny the motion for default judgment and that the defendants be permitted to answer or otherwise respond to the complaint.

Approximately ten days after the above described response

and motion was filed on behalf of the defendants, the court entered an order denying the plaintiff's motion for default judgment. Shortly thereafter, a separate answer was filed by ASBIC alleging that it was an unincorporated association through which participating school districts "manage risk and self-insure." The answer also denied most of the allegations of the complaint except it did admit that Cory Hood while riding on a bus operated by the Russellville Public School District was struck by another student. The answer further stated that ASBIC was not amenable to suit under Ark. Code Ann. § 23-79-210 (1987) (which provides for a direct action against the liability insurer of a school district or other organization not subject to suit for tort), and that ASBIC would file a motion for summary judgment on that basis.

Because of our view of the matter before us, we will not describe in detail the motions filed by the other two defendants but suffice it to say that by orders filed on April 27, 1989, the court granted motions to dismiss both the Russellville Public School and Gallagher Bassett Services, Inc. The record reflects no notice of appeal was ever filed from these orders of dismissal.

On August 21, 1989, a motion for summary judgment was filed by ASBIC alleging it is not an insurance company but "a self-funded risk management pool which does not offer insurance for tort liability" and that it is not subject to suit under the Arkansas Direct Action statute, Ark. Code Ann. § 23-79-210 (1987). While a brief in support of the motion for summary judgment was filed, no affidavit was filed in support of the motion, there is no deposition in the record, and the record does not reflect any answers to the interrogatories which were filed by ASBIC. The record does contain, however, an order by the court filed on March 28, 1990, which states that the motion for summary judgment filed by ASBIC has been presented to the court and is "hereby granted and the complaint is dismissed."

On April 17, 1990, a notice of appeal and designation of record was filed by the plaintiff, and it specifically states that the plaintiff is appealing from the order entered on March 28, 1990. Thus, what we have before us is an appeal by the plaintiff from an order granting a summary judgment to ASBIC, and the plaintiff's argument that the trial court erred in failing to grant

plaintiff's motion for default judgment against ASBIC.

We discuss the summary judgment issue first. Under Ark. R. Civ. P. 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There were no depositions or answers to interrogatories or admissions on file; therefore, we can only look at the pleadings. As pointed out above, the complaint filed by the plaintiff alleged that ASBIC was the insurance carrier for the Russellville Public School District; that the plaintiff was injured and sustained damages caused by the negligence of the driver of a school bus for the Russellville Public School District; and that the driver of the school bus was acting as an agent for the school district at the time the plaintiff was injured.

Under these circumstances, we think the trial court clearly erred in granting the motion filed by ASBIC for summary judgment. The motion alleged that ASBIC was "a self-funded risk management pool which does not offer insurance for tort liability" and, therefore, "an action against ASBIC is inappropriate under the Arkansas Direct Action Statute [Ark. Code. Ann.] § 23-79-210." Of course, the problem with that allegation is that it raises an issue of fact. "Summary judgment is only proper when a review of the pleadings, depositions or other filings reveal that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Woods* v. *Hopmann Machinery, Inc.*, 301 Ark. 134, 137, 782 S.W.2d 363 (1990). Here, there is nothing to support ASBIC's motion for summary judgment other than the bare allegations in the motion itself.

On appeal, ASBIC cites *Coffelt* v. *Arkansas Power & Light Co.*, 248 Ark. 313, 451 S.W.2d 881 (1970), for the proposition that ASBIC's "bare allegations" should stand as undisputed in the present case because the plaintiff (appellant) did not file a response to (ASBIC's) appellee's motion for summary judgment. Appellee is mistaken in the holding of that case. In that case Coffelt filed a class action suit for a declaratory judgment seeking a ruling that "our constitutional prohibition against usury is

violated by the utility company's authorized practice of imposing a 'late charge' against customers who do not pay their monthly bills within ten business (fourteen calendar days) after the due date." 248 Ark. 313-14. The power and light company filed a motion for summary judgment. The court's opinion states: "We take the controlling facts from the affidavit and exhibits accompanying the defendant's motion for summary judgment." *Id.* at 314. After discussion, the opinion states that the facts set out in the power and light company's affidavit and exhibits are undisputed, and the opinion then makes this pertinent observation: "We should add that the appellant is mistaken in suggesting in his brief that the facts supporting the motion for summary judgment must be treated as being disputed by the plaintiff's verified complaint." *Id.* at 315-16.

■ Thus we see the statement in *Coffelt* does not support the argument made by ASBIC in the present case. The matter is made clear in Ark. R. Civ. P. 56(e) which states that when a motion for summary judgment is made and properly supported the adverse party may not rest upon the mere allegations or denials of his pleadings but must respond by affidavits, depositions, answers to interrogatories or otherwise as provided in the rule and show that there is a genuine issue for trial. Moreover, the burden is on the moving party to show that there is no genuine issue of fact for trial. *Wolner* v. *Bogaev*, 290 Ark. 299, 718 S.W.2d 942 (1986).

Because of the allegations made in the complaint filed by the plaintiff in the present case, it was necessary for ASBIC to support its motion for summary judgment in some manner authorized by Ark. R. Civ. P. 56 in order for the summary judgment motion to be granted. The mere statement in the motion alleging that it was not an insurance company and, therefore, was not subject to suit under the direct action statute, Ark. Code Ann. § 23-79-210 (1989), was not sufficient to establish that there was no genuine issue of material fact to be tried under the allegations of the plaintiff's complaint. Thus, the trial court's order granting ASBIC's motion for summary judgment must be reversed.

■ Appellant also argues that the trail court erred in refusing to grant appellant's motion for default judgment against

appellee ASBIC. Appellant could not, of course, appeal from the trial court's order denying appellant's motion for default judgment because that was not a final, appealable order. *Associates Financial Services Company of Oklahoma* v. *Crawford County Memorial Hospital*, 297 Ark. 14, 759 S.W.2d 210 (1988). However, once a final order was entered, an appeal could be taken. *Heber Springs Lawn & Garden, Inc.* v. *FMC Corporation*, 275 Ark. 260, 628 S.W.2d 563 (1982). Therefore, since the appellant has appealed from the granting of appellee's motion for summary judgment and the dismissal of appellant's complaint, we can consider appellant's argument that his motion for default judgment should have been granted.

Appellee again argues that it was not an "insurer" and therefore not subject to direct suit under the direct action statute; that this is a jurisdictional matter; and even though it did not file an answer, jurisdictional issues may be raised at any time. The cases of *Cigna Insurance Company* v. *Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988), and *Head* v.*Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982), are cited in support of appellee's position. *Cigna's* holding was rendered moot by the supplemental opinion issued in that case, see 294 Ark. 506-A, 746 S.W.2d 558 (1988), holding that the original opinion dismissing the appeal was in error as the appeal was from an order setting aside a default judgment, and the order had been entered more than 90 days after the entry of the default judgment. However, the holding in the original opinion is of no comfort to the appellee in the present case.

The original opinion in *Cigna* held that the denial of a motion to dismiss was not an appealable order because it did not conclude the case. That opinion also pointed out that while a question of jurisdiction can be "raised at any time," that is not to say the issue can be "*appealed*" at any time, only that the *objection* may be raised even though it has not been raised at a previous point in the proceedings. The *Head* v. *Caddo Hills School District* case is cited in *Cigna* as support for the point that the question of jurisdiction can be raised at any time. The *Head* case held that a probationary teacher's remedy for an illegal termination is a suit for breach of contract and not an appeal to circuit court from the school board's termination of the teacher's contract. The appellate court said this was a question of jurisdic-

tion and could be raised for the first time on appeal.

Thus, the jurisdictional question in those two cases involved the power of the court to act. In the supplemental opinion on rehearing in *Cigna*, the court held that the motion to set aside an order of dismissal which had been entered more than 90 days could not be granted except for the reasons set out in Ark. R. Civ. P. 60(c). And in *Head* the probationary teacher could not appeal directly to circuit court from the school board's termination of the teacher's contract because the statutes· did not allow such an appeal; therefore, the court had no power to act on such an appeal. In the present case, however, there is no question of the power of the trial court to grant the appellant's motion for default judgment. The power of a court to act was discussed in *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), where it was claimed that the chancery court, which set aside a property settlement made in contemplation of divorce, did not have jurisdiction to also award damages to the wife for the fraud the husband perpetrated against her in connection with the divorce litigation. The court said, "[W]e have come to the position that unless the chancery court has no tenable nexus whatever to the claim in question we will consider the matter of whether the claim should have been heard there to be one of propriety rather than one of subject matter jurisdiction." 289 Ark. at 175-76, 711 S.W.2d at 456. *See also Hooper* v. *Ragar*, 289Ark. 152, 711 S.W.2d 148 (1986), and *McClain* v. *Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989), where the court said:

> A court or agency is said to have subject matter jurisdiction of an action if the case is one of the type of cases that the court or agency has been empowered to entertain by the sovereign from which the court or agency derives its authority.

29 Ark. App. at 225, 780 S.W.2d at 38.

██ The question in the present case is not of the power of the court to act but whether, as alleged in appellant's complaint, ASBIC is an insurance company which insured the Russellville School District's tort liability and, therefore, can be sued directly under the provisions of Ark. Code Ann. § 23-79-210 (1987). No timely answer was filed to appellant's complaint by ASBIC, and its "Response to Motion for Default Judgment and Motion to

Permit Defendants to Answer" admitted it did not timely respond to the complaint "due to administrative oversight." The brief filed with the motion stated that this administrative oversight "probably did not come under the heading of 'excusable neglect.' " At the time the trial court denied the plaintiff's motion for default, January 18, 1989, Ark. R. Civ. P. 55 provided that where a defendant does not appear or otherwise defend, a judgment by default *shall* be entered. In *Webb* v. *Lambert*, 295 Ark. 438, 748 S.W.2d 658 (1988), the Arkansas Supreme Court cited *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982), in support of the statement: "In the absence of excusable neglect, unavoidable casualty, or other just cause, it is an abuse of discretion for the trial court to refuse to grant a default judgment." And in *Allstate Insurance Co.* v. *Bourland*, 296 Ark. 488, 758 S.W.2d 700 (1988), the Arkansas Supreme Court, in affirming the trial court's refusal to set aside a default judgment, said: "We have been strict in our interpretation of Rule 55 where there has been a failure to make any sort of timely filing or appearance in the trial court."

However, on December 10, 1990, Ark. R. Civ. P. 55 was amended by a per curiam order of the Arkansas Supreme Court. The amendment changed the language in Rule 55(a) to provide that, where a party has failed to appear or defend, a judgment by default *may* (instead of *shall*) be entered by the Court. The "Addition to Reporter's Note, 1990 Amendment" states that under revised Rule 55(a) the entry of a default judgment is discretionary rather than mandatory, and certain factors are mentioned that should be considered in deciding whether to grant the default judgment. The per curiam order states that the changes in Rule 55 will become effective February 1, 1991. The question is therefore presented as to whether the changes in Rule 55 should be given a retrospective effect by applying the provisions of Rule 55 as amended by the per curiam of December 10, 1990.

According to the Reporter's Notes, the changes in Rule 55 are intended to help make it consistent with the applicable Federal Rules of Civil Procedure. In *Klapprott* v. *United States*, 335 U.S. 601 (1949), the United States Supreme Court held that an amended Rule 60 of the Federal Rules of Civil Procedure should be given a retrospective effect to set aside a default

judgment. In Arkansas, our supreme court has also given a retrospective effect to procedural or remedial legislation. *See Forrest City Machine Works* v. *Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981), where the court gave retroactive application to an act that stated, "This enactment is remedial in nature"; and in *Harrison v. Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962), where the court said:

> The rule by which statutes are construed to operate prospectively does not ordinarily apply to procedural or remedial legislation. "The strict rule of construction contended for does not apply to remedial statues which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation.

235 Ark. at 917. And in *Spires* v. *Russell*, 300 Ark. 530, 780 S.W.2d 547 (1989), the court considered a legislative act which amended an existing stature by raising from $300.00 to $1,000.00 the amount of damage, resulting from motor vehicle collision, to which penalty and attorney's fee could be assessed. The court held the amendment applicable to damages caused by collision which occurred before the amendment was enacted; however, the amendment provided it applied upon the denial of liability and the filing of suit—both of which occurred after the amendment was adopted by the legislature.

In the present case, we think Rule 55 as amended should be applied by the trial court. This conclusion is reached by either of the routes taken by the above cases: (1) the amendment of Rule 55 is remedial or procedural, or (2) the amendment has no application to the trial court's refusal to grant default judgment on January 18, 1989, but will apply if that issue is again presented to the trial court.

We reverse the summary judgment entered against the appellant and remand for further proceedings in keeping with this opinion.

CRACRAFT, C.J., and DANIELSON, J., agree.