L. C. ROWE ET UX *v.* DRUYVESTEYN CONSTRUCTION COMPANY ET AL

5-6019                                         484 S.W. 2d 513

Opinion delivered September 18, 1972

*Frank W. Booth,* for appellants.

*Jones, Gilbreath & Jones,* for appellees.

GEORGE ROSE SMITH, Justice. Danny Rowe, aged 16, was killed on July 16, 1969, in the course of his employment, when the walls of a ditch in which he was working col-

lapsed. The appellants, Danny's parents, filed this claim for death benefits under the workmen's compensation. The Commission directed the employer and its insurance carrier to pay the funeral expense allowed by the statute. Ark. Stat. Ann. § 81-1315 (a) (Supp. 1971). The Commission, however, denied the claim for death benefits, because it was stipulated that Danny's parents were not wholly or partially dependent upon him for support. This appeal is from a circuit court judgment affirming the Commission's decision. The appellants also filed an action at law for wrongful death, which is being disposed of today in a companion case. *Rowe* v. *Druyvesteyn Const. Co.*, 253 Ark. 67, 484 S.W. 2d 512 (1972).

The Commission was right. The workmen's compensation law provides for the payment of death benefits only to those persons who were wholly or partly dependent upon the decedent. Ark. Stat. Ann. § 81-1315 (c) and (i) (Repl. 1960). Parents not dependent upon their son are not entitled to death benefits under the statute. *Sherwin-Williams Co.* v. *Yeager*, 219 Ark. 20, 239 S.W. 2d 1019 (1951).

The appellants insist that Danny was illegally employed and that they are therefore entitled to double the maximum death benefits provided by the statute. The Commission found that Danny was not illegally employed at the time of his death. We need not review that issue of fact, for the Commission's decision was correct even if Danny's employment had been contrary to law. The compensation law provides that when death is sustained by a minor employed in violation of federal or state statutes pertaining to minimum ages for employment, the death benefits provided by the act shall be doubled. Section 81-1310 (e) (Supp. 1971). No death benefits are payable, however, to parents not dependant upon the decedent, as we have said. We find nothing in the statute to indicate a legislative intent to abrogate that rule with respect to a minor employed in violation of the law. We are not authorized to amend the compensation statute by inserting a provision that the legislature did not see fit to include.

Affirmed.