L. C. ROWE And Myra ROWE *v.*
DRUYVESTEYN CONSTRUCTION CO.

5-5969                                    484 S.W. 2d 512

Opinion delivered September 18, 1972

*Frank W. Booth,* for appellants.

*Jones, Gilbreath & Jones,* for appellee.

LYLE BROWN, Justice. L. C. Rowe and Myra Rowe, his wife, filed this action in tort against Druyvesteyn Construction Company, to recover for the death of their minor son. The trial court granted appellee's motion for summary judgment on the basis of a finding that the son was the statutory employee of Druyvesteyn and was therefore relegated to the exclusive remedy of our Workmen's Compensation Act. Appellants here contend that the court erred in finding that the Workmen's Compensation Act applied to the facts of this case and, secondly, that the court erred in finding there was no question of fact to be determined.

From the statement of facts in the briefs, and the meager abstract, it appears that the background facts are undisputed. Danny Rowe, son of appellants and sixteen years of age at the time of the accident, was employed by Druyvesteyn's subcontractor. The latter carried no compensation insurance. Appellants filed a claim for workmen's compensation death benefits against Druyvesteyn. That claim was denied and appealed to this court. It is being disposed of this date in *Rowe* v. *Druyvesteyn Construction Company,* 253 Ark. 63, 484 S.W. 2d 513 (1972). This action now before us was filed in tort, alleging that appellee's negligence caused the death of young Rowe.

Appellants' first point to the effect that the Workmen's Compensation Act does not apply in the factual situation, can be quickly answered. In an opinion by Hon. John E. Miller, senior district judge, the precise question was answered. *Huffstettler* v. *Lion Oil,* 110 F. Supp. 222 (W. D. Ark. 1953). There it was said:

In essence, then, the Arkansas decisions lead the court to believe that to hold that once a relationship of a statutory employer and statutory employee arises, such parties have the same rights and the same liabilities under the Act as if they were employer and employee by reason of a contract of em-

ployment. That is, when the Act provides that the 'rights and remedies herein granted to an employee...shall be exclusive...' such provision applies to *statutory* employees as well as contractual employees, and therefore plaintiff, being a statutory employee of Lion, has only the rights and remedies granted him by the Workmen's Compensation Law of Arkansas.

It should be made clear that in *Huffstettler* the injured employee was working for a subcontractor of Lion Oil and the subcontractor carried no liability insurance. In that situation, of course, Judge Miller held that the claimant was a statutory employee of Lion Oil. Thus it can be seen that the fact situation was identical to the facts in the case before us.

With respect to the second point — that the court erred in finding there was no question of fact to be determined — we are wholly unable to evaluate the affidavits supporting the motion for summary judgment and any contravening affidavits. That is because they are not abstracted, which of course violates our Rule 9 (d).

Affirmed.