MARYLAND CASUALTY COMPANY *v.*
L. C. ROWE and Myra ROWE

73-241                                        506 S.W. 2d 569

Opinion delivered March 18, 1974

*Jones, Gilbreath & Jones,* for appellant.

*Booth & Wade,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant contends the circuit court erred in denying it, as a workman's compensation insurance carrier, a lien on the proceeds of a settlement paid to appellees by James D. Mickle in settlement of an action brought by appellees against Mickle, alleging that the death of their minor son, Danny Alan Rowe, resulted from negligence of Mickle and a codefendant. We agree with the circuit judge that appellant was not entitled to a lien under the particular circumstances prevailing in this case.

Appellant Maryland Casualty Company paid $2,132.60 for medical, hospital and funeral expenses of Danny Alan Rowe, whose death resulted from injuries received while working as a laborer employed by Donald Ray Rowe in the performance of a subcontract with Druyvesteyn Construction Company, the prime contractor, on a sewer line job on which Mickle was the engineer. Since Donald Ray Rowe had no workman's compensation insurance, appellant became liable on the resulting claim as the carrier for the prime contractor. See *Rowe v. Druyvesteyn Construction Company,* 253 Ark. 67, 484 S.W.2d 512. As such, appellant was required by the Workmen's Compensation Commission, not only to pay funeral expenses, but to pay $500 into the second injury fund. See *Rowe v. Druyvesteyn Construction Company,* 253 Ark. 63, 484 S.W.2d 513.

Appellees, as parents, filed suit against Mickle and his

codefendant to recover their loss of the minor's earnings and contributions, for mental anguish and for medical, hospital and funeral expenses. Appellant intervened, claiming a lien under Ark. Stat. Ann. § 81-1340(b) (Repl. 1960). When this case came to trial, and after a jury had been empaneled, but prior to opening statements, a hearing in chambers was held at the request of appellant's attorney. This attorney advised the circuit judge he had just been informed that a settlement had been entered into between the parents of young Rowe and Mickle. The agreement was introduced. According to its terms, Mickle agreed to pay $10,300 in full settlement of all rights and causes of action L. C. and Myra Rowe might have against Mickle as a result of the death of their son. The Rowes agreed to indemnify Mickle against any liability to Maryland Casualty Company for subrogation rights on payments made on account of the death of Danny Rowe. The stated purpose of the settlement was to reduce the maximum exposure of Mickle to $10,300 while allowing the Rowes to continue the lawsuit with the same parties, including Westark U-Rents, Inc., Mickle's codefendant.

Appellant objected to the settlement, and asked that it be allowed recovery of its claim for subrogation out of the proceeds of the settlement. The circuit judge overruled the objections, stating he had previously held that the parents of young Rowe were not entitled to any recovery for medical or funeral expenses and that their cause of action was only for mental anguish and possible contributions by the minor to his parents. At the same time, the judge specifically recognized that appellant had a right to pursue its cause of action in the pending suit. When appellant's attorney inquired whether the court was approving the settlement under Ark. Stat. Ann. § 81-1340(c) (Repl. 1960), the judge stated his belief that there was no requirement that the court approve a settlement of the parents' cause of action for their own mental anguish and possible loss of contributions. The judge then held that appellant would not waive its right to claim a lien by reason of being compelled by the court to proceed with the trial in an effort to recover medical and funeral expenses.

Appellees then moved for a non-suit against Mickle. The court dismissed Mickle from the suit, in spite of appellant's refusal to non-suit its claim because of its contention that it

was entitled to pursue the claim against him in that action. Appellant does not contend, on this appeal, that the judgment should be reversed on this account. It states that the issue for determination here is whether appellees, who had filed a suit in which they had sought recovery for medical and funeral expenses, may settle with a third party tortfeasor after the carrier had intervened and, by labeling the settlement proceeds as recovery for mental anguish and loss of contributions, defeat the carrier's lien. It only asks that this court direct that the portion of the proceeds of the settlement ($2,-632.60) ordered held in the registry of the circuit court pending this appeal be paid to it.

After judgment was entered, appellant filed its "Petition for Reconsideration," by which it again asked judgment fixing a lien on the settlement proceeds for the $2,632.60 in medical and funeral expenses paid by it. This petition was denied and the settlement agreement between the Rowes and Mickle was approved by the circuit court. As its sole point for reversal appellant states: "The Circuit Court of Crawford County erred in denying the appellant's statutory workmen's compensation lien."

Appellant relies upon Ark. Stat. Ann. § 81-1340 (Repl. 1960). It must be noted, however, that this statute, covering the subject of third-party liability, recognizes the right of an *employee*, or his *dependents*, to recover from a third party subject to a lien of the employer or carrier. It also recognizes the right of the carrier or employer to sue the third party subject to the right of a *compensation beneficiary* to share in any recovery.

The action brought in this case does not come within the ambit of this statute. It, of course, was not brought by the deceased employee. Neither was it brought by his personal representative, as it must have been had there been one. Ark. Stat. Ann. § 27-907 (Repl. 1962); *Dukes* v. *Dukes,* 233 Ark. 850, 349 S.W.2d 339. In the absence of a personal representative, the parents as his heirs at law had a right to bring their own action under Ark. Stat. Ann. §§ 27-906, 907 (Repl. 1962). Ark. Stat. Ann. § 61-149(c) (Repl. 1971). They clearly had a cause of action for mental anguish as their son's next of kin. Ark. Stat. Ann. § 27-909 (Repl. 1962). They also had the right to recover for loss of probable future contributions. *St.*

*Louis, I. M. & S. Ry. Co.* v. *Jacks,* 105 Ark. 347, 151 S.W. 706. See also, *Memphis D. & G. Ry. Co.* v. *Buckley,* 99 Ark. 422, 138 S.W. 965. They were not entitled to recover medical or funeral expenses unless those expenses were paid by them. *Little Rock & Ft. Smith Ry. Co.* v. *Barker,* 33 Ark. 350; *Morel* v. *Lee,* 182 Ark. 985, 33 S.W. 2d 1110. They were obviously not dependents of their deceased minor son and were not workman's compensation beneficiaries. See *Rowe* v. *Druyvesteyn Construction Company,* 253 Ark. 67, 484 S.W. 2d 512. Under the Workmen's Compensation Act, the parents must have been either wholly or partially dependent upon the minor in order to be compensation beneficiaries at the time of the injury. Ark. Stat. Ann. §§ 81-1302(i), 81-1315 (Repl. 1960); *Kimpel* v. *Garland Anthony Lbr. Co.,* 216 Ark. 788, 227 S.W.2d 932; *Sherwin-Williams Co.* v. *Yeager,* 219 Ark. 20, 239 S.W.2d 1019; *Rowe* v. *Druyvesteyn Construction Company,* 253 Ark. 67, 484 S.W.2d 512. Consequently, the suit of appellees was not as dependents, to which § 81-1340(a) would apply, nor were they compensation beneficiaries within the purview of § 81-1340(b). It is quite clear that they did not pay their son's medical and funeral expenses and the trial court correctly held that they were entitled to no recovery on that score.

We readily agree with appellant that appellees could not split their cause of action, either by failing to sue for an element of damage they were entitled to recover or by making a settlement excluding such an element, and thereby defeat an employer's or carrier's lien. This rule simply has no application here, because the settlement encompassed only those items for which the parents had a cause of action, and the parents, in this case, simply did not come into the category of persons on whose recovery appellant had a lien. Furthermore, we cannot see how the failure of the parents to apply for the appointment of an administrator has any bearing whatever on the matter. They probably had no interest to be served through an administration on the estate of the minor. There was nothing whatever to have prevented appellant from instituting suit under § 81-1340(b). As previously mentioned, appellant does not seek reversal because of the court's dismissal of Mickle from the suit.

The judgment is affirmed.