Carey CARPENTER *v.*
Roger V. LOGAN, Probate Judge

83-185                                    662 S.W.2d 808

Supreme Court of Arkansas
Opinion delivered January 9, 1984

*Howell, Price & Trice, P.A.,* by: *Dale Price,* for appellant.

No response by appellee.

ROBERT H. DUDLEY, Justice. Sheryl Carpenter was eight to eight and one-half months pregnant at the time she was killed in an automobile accident. The investigating officer found the dead fetus outside Sheryl's body and concluded that the force of the impact had thrust the fetus through Sheryl's abdominal wall. Carey Carpenter, the widower, filed a petition for the appointment of an administrator for the "newborn, who resided at Route 1, Omaha, Arkansas." The petition was granted. Later, the probate court vacated its order appointing an administratrix and issuing letters of administration because they were issued "for a dead fetus." No appeal was taken. A second and third petition for the appointment of an administrator were filed by Carey Carpenter and the probate court held it was "without authority to order the administration of the estate of said

unborn fetus." We affirm that order. Jurisdiction is in this Court. Rule 29(1)(c).

The appellant, in the ex parte probate proceeding below and now in this ex parte appeal, urges that the issue "is whether an unborn viable fetus or a viable fetus born dead as a direct result of trauma caused by negligence or willful and wanton misconduct has a cause of action against the tortfeasor." The issue stated by appellant can be reached only in an adversary tort proceeding and not in an ex parte probate proceeding.

The wrongful death statute, Ark. Stat. Ann. §§ 27-906—27-910 (Repl. 1979), will determine whether, or to what extent, there is a right to maintain an action, or to recover damages, for the death of an unborn child. The action, if any, is a tort action and is cognizable in circuit court. We will not interpret the wrongful death statute in an ex parte probate proceeding. For a complete survey of tort cases involving wrongful death statutes and actions by unborn children see Annotation: Right to Maintain Action or to Recover Damages for Death of Unborn Child, 84 ALR3d 411.

The issue before the probate court and now on appeal in this case is whether an unborn fetus or a fetus born dead is a deceased person within the terms of the probate code. Ark. Stat. Ann., Title 62, Chapter 21 (Repl. 1971 and Supp. 1983).

In Arkansas the probate court is a court of special and limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or by statute, or necessarily incidental to the exercise of the jurisdiction and powers specifically granted. *Hilburn* v. *First State Bank,* 259 Ark. 569, 535 S.W.2d 810 (1976). Nothing is said about unborn children in the constitutional provision concerning probate courts or in the statutory jurisdictional provision. See Ark. Const. art. 7, § 34, as amended by Amendment 24, § 1; Ark. Stat. Ann. § 62-2004(b) (Repl. 1971). Any attempt to extend the probate code to unborn children would be without specific authority and would be void. See *Poe* v. *Case,* 263 Ark. 488, 565 S.W.2d 612 (1978). The trial court was

correct in refusing to grant letters of administration to a deceased fetus.

The ruling of the trial court was correct for a second reason. Carey Carpenter's first petition was granted but then vacated by the trial court. Carpenter did not appeal. More than six months later he renewed his petitions for the appointment of an administrator for the estate of the same fetus. The vacating of the order was the equivalent of a dismissal. In *Screeton* v. *Crumpler, Ex'x*, 273 Ark. 167, 617 S.W.2d 847 (1981), concerning a will contest, we stated:

> The appellant's brief implies that the dismissal should have been without prejudice, but we do not think that procedure ... was available. A proceeding to probate a will is a special proceeding, not an "action" as that term is ordinarily used ... It does not constitute a civil action within ARCP, Rules 2 and 3. A will contestant cannot take a nonsuit under Rule 41, because such a contest is not an independent proceeding in itself. It would seriously disrupt the administration and distribution of estates if a will contest could be dismissed, voluntarily or without prejudice, and refiled at some indefinite later date. Hence the dismissal in the probate court was necessarily with prejudice.

Thus, the appeal was not timely.

Our affirmance of the probate order does not preclude the wrongful death tort issue from being raised in an adversary proceeding. If the tort action exists, one form of it may be filed by the heirs at law. Ark. Stat. Ann. § 27-907 (Repl. 1979); *Maryland Casualty Co.* v. *Rowe*, 256 Ark. 221, 506 S.W.2d 569 (1974); *Dukes* v. *Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961).

Affirmed.

HOLLINGSWORTH, J., not participating.