William H. LEWIS *v.* INDUSTRIAL HEATING &
PLUMBING OF ST. JOSEPH, MO., a/k/a IHP
INDUSTRIAL, INC., and Wayne FUNDERBURG,
Individually

86-91                                         718 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered November 10, 1986

*The McMath Law Firm, P.A.*, by: *James Bruce McMath*, for appellant.

*Bailey, Trimble & Sellars*, by: *Rick Sellars*, for appellees.

ROBERT H. DUDLEY, Justice. ■ This case presents a question in the law of torts. The Arkansas Power and Light Company contracted with defendant Industrial Heating and Plumbing Company of St. Joseph, Missouri for construction work at the White Bluff Steam Electric Station at Redfield. Defendant Industrial, in turn, subcontracted part of the project to Melvin Shirley, who did not have workers' compensation insurance. Plaintiff was employed by Shirley and was injured in the course of his employment. Defendant Funderburg was employed as a superintendent of defendant Industrial and instructed plaintiff to dispose of a flammable substance in a manner which led to his injury. Defendant Industrial's carrier paid workers' compensation benefits to plaintiff pursuant to Ark. Stat. Ann. § 81-1306 (Repl. 1976), which makes the prime contractor liable for compensation to employees when a subcontractor fails to secure compensation insurance. Plaintiff filed this suit in tort against defendants Industrial and Funderburg. The gravamen of the complaint is that Funderburg, Industrial's superintendent, was negligent in giving instructions about disposing of the flammable substance. The trial court granted summary judgments in favor of each defendant on the basis that each was afforded immunity under the exclusive remedies provision of the workers' compensation act. We affirm.

Plaintiff (appellant) asks us to hold that defendant Industrial is a mere guarantor of workers' compensation benefits and is not a statutory employer who is entitled to immunity for its tort or those of its employees committed in the course and scope of employment. We have already ruled adversely to plaintiff on this issue.

■ In *Rowe* v. *Druyvesteyn Construction Co.*, 253 Ark. 67, 484 S.W.2d 512 (1972), we held that when the subcontractor carries no compensation insurance, the prime contractor is made a statutory employer and has the same immunity as a regular employer. We note that Professor Larson, in his work *Workmen's Compensation Law*, Volume 2A, § 72.31(a), approves of the theory and result in this situation. We decline to overrule *Rowe*.

■ Appellant next contends the trial court erred in holding that defendant Funderburg was immune from tort liability. The

trial court was correct. Funderburg was sued in his capacity as superintendent. In *Simmons First National Bank* v. *Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985), we explained, "since an employer is immune under the statutes from a negligent failure to provide employees with a safe place to work, the same immunity protects supervisory employees when their general duties involve the overseeing and discharging of that same responsibility."

Affirmed.