Gary D. BARNES *v.* Robert WILKIEWICZ and Rothchild Wallace, Jr.

89-114                                  783 S.W.2d 36

Supreme Court of Arkansas
Opinion delivered January 29, 1990

*Gary Eubanks & Associates*, by: *James Gerard Schulze*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Ralph R. Wilson*, for appellee.

JACK HOLT, JR., Chief Justice. Gary Barnes, appellant, sued Rothchild Wallace, Jr., appellee, and Robert Wilkiewicz for personal injuries sustained on December 31, 1986. Barnes and Wallace are employees of Virco Manufacturing Company. Wallace is Barnes's supervisor. Barnes alleged that his injuries were the result of the combined negligence of Wilkiewicz and Wallace, in that Wilkiewicz collided with a pickup truck which Wallace had parked adjacent to a disabled tractor trailer belonging to Virco.

Wallace moved for summary judgment, contending that Barnes's remedy against him was limited to the Arkansas Workers' Compensation Act. The trial judge granted summary judgment and Barnes, after taking a non-suit against Wilkiewicz, has appealed. We affirm the order.

Barnes concedes Wallace's supervisory status, but maintains that Wallace is not being sued as an employee, but as a driver for having "breached the rules of the road, not the rules of his job."

Barnes's reliance on *King* v. *Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959), is misplaced. In *King*, the appellant, King, drove a dump truck in hauling asphalt on a highway construction job and the appellee, Dyer, spread the asphalt hauled by King. They both were employed by the same contractor. King negligently backed a dump truck over Dyer, contrary to a company

practice that dump trucks were not to be backed up to an asphalt paving machine while the machine was shut off, and fatally injured him. The workers' compensation provisions did not prevent Dyer from maintaining an action for negligence against King, and the trial court awarded damages to Dyer's estate.

In *King*, however, a master determined that a company practice established that dump trucks were not to be backed up to an asphalt paving machine while the machine was shut off, which was the underlying act which caused Dyer's fatal injury.

Barnes interprets *King* as holding that the duty Wallace owed to Barnes was a personal duty of due care in the use of the public streets, unrelated to any duty between co-employees. But we read that decision as merely recognizing that an employee is held to be a "third party" under Ark. Code Ann. § 11-9-410 (1987) and, therefore, claims between co-employees are not barred by the Arkansas Workers' Compensation Act. The opinion makes no distinction between rules of the job, as opposed to rules of the road, nor does it deal with the issue of safety at the place of work.

The problem confronting appellant Barnes is that this court has adopted what we regard as the majority view that supervisory employees, like employers, are immune from liability for failing to provide a safe place to work or when their general duties involve the overseeing and discharging of that same responsibility. *Simmons First Nat'l Bank* v. *Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985). This court in *Simmons* announced itself solidly in agreement with language from *State ex rel. Badami* v. *Gaertner*, 630 S.W.2d 175 (Mo. App. 1982):

> Under present day industrial operations, to impose upon executive officers or supervisory personnel personal liability for an accident arising from a condition at a place of employment which a jury may find to be unsafe would almost mandate that the employer provide indemnity to such employees. That would effectively destroy the immunity provisions of the workmen's compensation law.

We have continued to adhere to that position in later decisions: *Fore* v. *Circuit Court of Izard Co.*, 292 Ark. 13, 727 S.W.2d 840 (1987); *Allen* v. *Kizer*, 294 Ark. 1, 740 S.W.2d 137

(1987); *Lewis* v. *Industrial Heating & Plumbing of St. Joseph, Mo.*, 290 Ark. 291, 718 S.W.2d 941 (1986).

The interrelationship between Barnes and Wallace was described as follows:

> Rothchild Wallace, Jr., is an employee of Virco Manufacturing Corporation, Conway Division. He is currently classified as a Maintenance Mechanic "A", lead person, third shift, truck shop. Mr. Wallace was so employed and held that title on December 31, 1986. As lead person for third shift truck shop, Mr. Wallace has supervisory responsibility for all persons employed by Virco Manufacturing and assigned to the truck shop third shift. Mr. Wallace had those same responsibilities on December 31, 1986. In his capacity as third shift lead person, Mr. Wallace had supervisory responsibility over the person of Gary D. Barnes who was a third shift mechanic. At the time of the accident which occurred in the early morning hours of December 31, 1986, Mr. Wallace was acting in his supervisory capacity.

In this case, both Barnes and Wallace were assisting in the repair of a disabled Virco tractor trailer. Wallace was Barnes's supervisor at Virco and he transported Barnes to the location of the tractor trailer in a Virco truck. The disabled tractor trailer was located next to a highway; according to Barnes, Wallace partially parked the Virco truck on the highway. While they were engaged in the repair of the tractor trailer, Wilkiewicz collided with the rear of the parked Virco truck and injured Barnes's leg.

Consequently, Barnes was injured during, and within, the course and scope of his employment with Virco. The accident scene was the employee's workplace; Wallace was acting in his capacity as Barnes's supervisor. As in *Allen*, Barnes's allegations and Wallace's actions involve a failure to provide a safe place to work. As a result, Wallace is immune from suit for negligence in failing to provide a safe place to work.

Accordingly, we agree with the trial court that there was no genuine issue of material fact and that the Workers' Compensation Act provides Barnes's exclusive remedy.

Therefore, the judgment of the trial court is affirmed.

GLAZE and TURNER, JJ., not participating.

HAYS, J., concurs. NEWBERN, J., dissents.

STEELE HAYS, Justice, concurring. The complaint of Gary Barnes against Rothchild Wallace tells us that Wallace positioned the pickup truck beside the disabled tractor trailer rig of Virco, on which the two men were working. The only allegation of negligence is that Wallace "failed to exercise ordinary care in the manner in which he positioned the pickup truck."

Several crucial factors are undisputed: Barnes and Wallace are co-employees of Virco; Wallace is Barnes's supervisor; Barnes's injuries occurred while the two men were regularly engaged in their duties to Virco; Wallace's conduct was not intentional; Barnes's injuries are covered under the Arkansas Workers' Compensation Act.

Barnes does not challenge any of those factors, he simply asks us to draw a distinction based on his contention that Wallace "failed to prove that his breach of duty was not a personal duty, as opposed to a duty imposed by his employment."

As the majority opinion notes, in a number of cases we have recognized immunity from tort liability by supervisory employees: *Fore* v. *Circuit Court of Izard Co.*, 292 Ark. 13, 727 S.W.2d 840 (1987); *Allen* v. *Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987); *Lewis* v. *Industrial Heating & Plumbing*, 290 Ark. 291, 718 S.W.2d 941 (1986); and *Simmons First Nat'l Bank* v. *Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985). Were we to adopt the position proposed by the appellant we would, I believe, be effectively overruling those cases (which appellant implicitly disavows he is asking us to do) or, at the very least, be creating a precedent that would not be easily reconciled with those cases. Moreover, we would be further distancing ourselves from a pronounced majority of other jurisdictions. According to Professor Larson, only eleven states allow suits against co-employees. "The great majority of states and the Longshoreman Act now exclude co-employees from the category of third persons." 2A Larson, *Workmen's Compensation Law* § 72.21. "A strong tide toward co-employee immunity has been running for some years." *Id.* § 72.11 p. 14-55.

I do not propose that we depart from the position taken by

this court in *King* v. *Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959), but neither would I favor moving against Larson's "strong tide," absent a clear and informed petition to do so.

DAVID NEWBERN, Justice, dissenting. The court's opinion correctly states that a supervisor cannot be held individually liable to an employee whose injury is covered by workers' compensation for breach of the general duty to provide a safe workplace. The point raised by appellant Barnes is, however, that the general duty of operators of vehicles to obey the rules of the road is separate from the duty to provide a safe workplace. Contrary to the majority of the members of the court, I find support for the appellant's position in logic and in law.

> Like corporate officers, and with even stronger reason, supervisors and foremen enjoy no general immunity from suits by coemployees, under such outmoded concepts as the vice-principal doctrine. Some states have held, however, that a supervisor, like a corporate officer, cannot be held liable by a coemployee for breach of a corporate duty, such as that to provide a safe place to work, but can be held only for breach of a personal duty. Others have taken the position that a supervisor can be held personally liable for his own failure to fulfill the employer's duty of providing a safe place to work. [2A Larson, *Workmen's Compensation Law*, § 72.14 (1987), footnotes omitted.]

Barnes's reference to the "rules of the road" seems to me to be a reference to the "personal duty" to which Professor Larson's book refers.

In *King* v. *Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959), we held that a coemployee was a "third person" and could thus be sued for his negligence in backing a truck over the decedent even though it was done in the scope of employment and was covered by workers' compensation. There was no need in that case to discuss the liability the defendant would have had had he been the decedent's supervisor. What if that had been the case? Would we have held that a supervisor who negligently backed a truck over an employee was immune because he could not be held liable for failure to provide a safe workplace? I think not. Our point in that case was that the coemployee could be liable because there was evidence he was backing the truck too fast, that is, violating the

"rules of the road" applicable in the circumstances of that case. In this case, Barnes suggests Wallace violated the rules of the road by improperly parking the employers' truck in such a way as to cause the accident; another violation of the "rules of the road." Should he be excused from liability because he is a supervisor? I think not because his improper parking of the truck was not an act done in supervision of Barnes and it had nothing to do with keeping a safe workplace in the sense that "workplace" has been used in the other cases cited by the court's opinion.

In *State ex rel. Badami* v. *Gaertner*, 630 S.W.2d 175 (Mo. App. 1982), an employee who had lost three fingers in a shredding machine accident at American Fiber Company attempted to assert personal liability of the president and the production manager of the company for failure to provide a safe place to work because the shredding machine which injured him lacked certain safety devices. In *Simmons First Nat'l Bank* v. *Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985), employees sought to sue supervisory personnel for injuries they received when two chemicals were allowed to flow together at the International Paper Company plant, creating a poison gas. In *Lewis* v. *Industrial Heating & Plumbing of St.Joseph, Missouri*, 290 Ark. 291, 718 S.W.2d 941 (1986), the injured employee attempted to sue a supervisor for breach of his duty to keep a safe work place at a construction site in negligently giving instructions about disposition of a flammable substance. In *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), a supervisor was sued for improperly keying a microphone and causing dynamite to go off at a construction site. We wrote "the undisputed facts . . . are that the petitioner was acting within the scope of his supervisory duties . . . ." In *Allen* v. *Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987), supervisors were accused of allowing bare wiring to go uncorrected at Planters' Cotton Mill.

None of these cases involved the possibility that a separate duty, one which would have existed regardless of the employment relationship, was violated. In all of them the alleged negligence had to do with the supervisory duties of the defendants to keep safe workplaces. All of them involved fixed plant settings with the exception of the construction site case which, I submit, qualifies more readily as a workplace in the sense of the other cases than a roadside repair where rules other than those governing the

traditional duties of a supervisor are in effect.

Justice Hays's concurring opinion in this case suggests that our decision in *King* v. *Cardin, supra,* is out of step with the majority of jurisdictions as reported by Professor Larson. I agree with that assessment. Perhaps we should overrule the case. We should not, however, pretend it is distinguishable on the basis that the defendant here happened to be a supervisor absent some showing that he was in violation of his supervisory duty to keep a safe workplace rather than acting as a mere co-employee and parking a truck in such a negligent manner as to cause injury through an automobile accident.

I respectfully dissent.