IN THE MATTER OF The Estate of Jerome MORGAN,
An Incompetent

92-280                                    833 S.W.2d 776

Supreme Court of Arkansas
Opinion delivered July 13, 1992

*Wilson & Associates*, by: *J.L. Wilson*, for appellant.

*Richard B. Dalgren*, for appellee.

STEELE HAYS, Justice. This is an appeal from probate court, where the Arkansas Department of Human Services sought reimbursement for medicaid payments made to Jerome Morgan. Morgan counterclaimed in tort against another branch of the state, the University of Arkansas at Pine Bluff. The trial court ordered the medicare reimbursement to DHS and dismissed the counterclaim for lack of subject matter jurisdiction. On appeal, Morgan challenges both the reimbursement order and the dismissal of the counterclaim as improper. We find no merit in appellant's argument.

Jerome Morgan, appellant, was a student athelete at UAPB and sustained a spinal cord injury in a football game on September 21, 1985. Morgan was left a quadriplegic. During treatment Morgan received medicaid benefits from the State of Arkansas of approximately $34,000. One of the conditions of receiving those payments was a right to reimbursement by the state, where there was a third party liability, from any settlement or recovery by the medicaid recipient from that third party. Arkansas Code Ann. § 20-77-302 (1987).

In 1986 Morgan was made a ward of the state and a guardian was appointed in Probate Court of Phillips County, Arkansas, to handle Morgan's affairs and estate. Suits stemming from the 1985 injury were filed in Morgan's behalf, and damage awards resulting from those suits were deposited under a supervised account under the directives of the county probate court.

In May 1991, the Arkansas Department of Human Services, Third Party Liability Unit, filed a petition asserting a claim against Morgan's estate pursuant to Ark. Code Ann. § 20-77-301 et seq. (1987) for reimbursement of medicaid expenses paid in the amount of $33,932.73. Morgan answered and also counter-

claimed, asserting a negligence action against the University of Arkansas at Pine Bluff as a result of his injury. DHS responded with a motion to dismiss on the ground that probate court had no subject matter jurisdiction of tort claims and that an identical claim was pending before the State Claims Commission, the only forum with jurisdiction to hear the claim.

A hearing on the matter was held and the trial court issued an order dismissing Morgan's counterclaim because it found it had no subject matter jurisdiction; it further found that DHS had an absolute statutory lien on Morgan's estate and ordered the requested payment. From that judgment, Morgan brings this appeal.

Appellant first argues that because a probate court is not devoid of discretion, the trial court erred in determining appellee had an absolute lien. Our statutes, Ark. Code Ann. § 20-77-301 et seq., clearly provide that when a medicaid recipient receives an award or settlement from a third party which is liable for the injuries covered by the medicaid payments, the DHS has an absolute right to those proceeds for the amount of the medicaid payments made. It was on this basis that the trial court awarded reimbursement to DHS from the settlement received by appellant.

Appellant does not dispute that these statutes purport to create an absolute lien as a matter of law. Rather, he argues that in spite of that legislation, the power of the probate court over a ward's estate is exclusive, and the probate court has the power to deny reimbursement if it finds it would not be in the best interest of the ward. Appellant relies on the case of *In the Matter of Kimberly Porter*, 298 Ark. 124, 765 S.W.2d 944 (1989).

But *Porter* does not support the argument. *Porter* does state that probate court has exclusive jurisdiction to determine how the funds of a ward should be used, but that was in response to whether a circuit court had any jurisdiction in the matter, and the funds in question were not derived from third party liability covered by statute, as in this case.

The constitutional provision on probate jurisdiction reads:

In each county the Judge of the court having jurisdic-

tion in matters of equity shall be judge of the court of probate, and have such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law.

Ark. Const. art. 7, § 34.

■ We interpreted the above provision recently in *Hutton* v. *Savage*, 298 Ark. 256, 769 S.W.2d 394 (1989), and said:

The italicized words [or may be hereafter prescribed by law] distinguish the jurisdiction of the probate courts from that of the county courts in the critical sense that the jurisdiction which may be vested in the probate courts can be altered by act of the legislature.

Clearly, the court below was proceeding properly in following the dictates of the statute.

Appellant also contends that the trial court erred in refusing to transfer his counterclaim to circuit court. The probate court had found it was without jurisdiction and dismissed the counterclaim. The trial court was right.

The constitution provides that probate courts shall have "exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind and their estates. . . ." Ark. Const. art. 7, § 34.

■ In a recent case we ruled on this question and held that probate court had no jurisdiction over torts. In *Eddleman* v. *Estate of Farmer*, 294 Ark. 8, 740 S.W.2d 141 (1987), the appellant filed a contingent tort claim against an estate for damages as a result of sexual abuse, with the merits of the case to be tried by the probate court. The probate court ruled that the statute of limitation had run on the claim and dismissed the case. We reversed because we found that the probate court did not have jurisdiction to rule in the tort action. We said:

In Arkansas the probate court is a court of special and

limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or by statute, or necessarily incidental to the exercise of the jurisdiction and powers specifically granted. *Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). Nothing is said about the trial of tort cases in the probate court in the constitutional provision. *See* Ark. Const. art. 7, § 34, as amended as by Ark. Const. amend. 24. The decision on the tort claim was without the jurisdiction of the probate court, and, therefore, void. *See Carpenter* v. *Logan*, 281 Ark. 184, 662 S.W.2d 808 (1984); *Moss* v. *Moose*, 184 Ark. 798, 44 S.W.2d 825 (1931).

It should be clear from *Eddleman* that not only is probate court without jurisdiction of tort claims, but that once the trial court has made that determination, it has no authority to proceed further or to take any other action in the case. This is the general rule. *See* 20 Am. Jur. 2d *Courts* § 97 (1965); *Burbridge Foundation, Inc.* v. *Gardner*, 496 F.2d 326 (8th Cir. 1974).

Appellant does not dispute the trial court's finding on this point, but argues that the trial court should have transferred the case rather than dismiss it. Appellant has cited no authority however, as to why the case should be transferred rather than dismissed. Nor has appellant demonstrated or even suggested what prejudice he suffered by having the case dismissed rather than transferred.

█ While we have recognized that a transfer be granted over dismissal when prejudice results to a party upon a dismissal, *see Linder* v. *Howard*, 296 Ark. 414, 757 S.W.2d 549 (1988), appellant has failed to demonstrate any prejudice resulting from the dismissal. The burden is on appellant to demonstrate prejudical error.

Appellant raises an additional point. During the proceedings below, and prior to any final order on the disposition of the claims of either appellee or appellant, appellee filed a notice of appeal from an interlocutory order by the trial court entered on July 18, 1991. The order directed that certain distributions be made from Morgan's estate, and also noted there were sufficient funds in the estate to pay the claim of DHS, should that become the ruling. On July 19, 1991, DHS filed a notice of appeal from that order,

evidently interpreting the order as constituting a denial of its contention that the funds be held in escrow pending a hearing. The appeal was rendered moot, however, as on the same day, July 19, 1991, the trial court entered an amended order of distribution which differed only in the fact that the amount of funds claimed by DHS were to be held in escrow.

Appellant argues that because of the notice of appeal filed by appellee on July 19, 1991, the trial court lost jurisdiction to make any further orders, hence, the final order now before us on appeal was void. Appellant relies on holdings such as *Andrews* v. *Lauener*, 229 Ark. 894, 318 S.W.2d 805 (1958), where we said:

> [A]fter notice of appeal is filed the trial court retains jurisdiction of the case until the record . . . is filed with this Court and the appeal is docketed in this Court. . . .

■■ While we agree with that statement of the law, it is inapplicable here because even though a notice of appeal was filed, there is nothing to show the appeal was ever docketed in this court. Furthermore, the July 18, 1991 order, not being final, was not appealable. Ark. R. App. P. 2.

Affirmed.