**Jodie KRAMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0693–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 1983.

Rehearing Denied Dec. 15, 1983.

---

1. William Ewart Gladstone (1809–1898).

Leonard M. Roth, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before DOYLE, WARREN and COHEN, JJ.

## OPINION

DOYLE, Justice.

A jury found appellant guilty of promotion of obscenity; his punishment was assessed at 30 days in jail and a $500 fine.

Although appellant brings nine grounds of error, our disposition of the case requires us to consider only the fourth and fifth grounds.

In his fifth ground of error appellant contends that the evidence was insufficient to establish his knowledge of the content and character of the alleged obscene film named "11".

On December 8, 1980, appellant was a part time employee of Westworld Adult Cinema in Houston. When at work, he was the only employee, and his duties included selling tickets, operating the projector, and screening the customers to insure that no minors or drunks were admitted.

Appellant testified that his job was to focus the film and to determine whether the sound was loud enough; that he had never seen the film and did not know its content, however, he did know that the X rated film contained nude scenes. Appellant also testified to having been a movie projectionist for 37 years and to having worked extra as a projectionist in X rated movie houses for several years.

■ Appellant does not contend that the movie was not obscene, but only that the evidence was insufficient to prove that he knew of the character and content of the film. We disagree. Appellant was a veteran of the movie business. He testified that he sold tickets for $6.00, to adults only.

The facts in our case are different from those in *Skinner v. State*, 652 S.W.2d 773 (Tex.Cr.App.1983) where the defendant only sold tickets, cleared the theatre and sold refreshments. In our case, appellant was in complete charge of the theatre's operation. Although circumstantial, the evidence was sufficient to support a jury finding that appellant knew the content and character of the film. Appellant's fifth ground of error is overruled.

■ Appellant's fourth ground of error urges that the judgment should be reversed because appellant was convicted under an unconstitutional presumption codified in Tex.Penal Code § 43.23(e). We sustain this ground of error.

Section 43.23(e) states:

A person who promotes or wholesale promotes obscene material or an obscene device or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do so with knowledge of its content and character.

The jury was charged on the above statute as well as Tex.Code Crim.Pro. art. 2.05, often called the presumption statute. The

Texas Court of Criminal Appeals in *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App.1983) held that Tex.Penal Code § 43.23(e) was unconstitutional. Therefore, we must reverse and remand this cause to the trial court for retrial without the use of the presumption contained in § 43.23(e).

Reversed and remanded.