Debbie Ederington SONTAG et al
*v.* ORBIT VALVE CO., INC.

84-126                                              672 S.W.2d 50

Supreme Court of Arkansas
Opinion delivered July 16, 1984

*Davidson Law Firm, Ltd.,* by: *Charles Phillip Boyd, Jr.,* for appellants.

*Tom Forest Lovett, P.A.,* by Tom F. Lovett, for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellee, one of three defendants, from a tort action which was brought by the widow and heirs of one of appellee's employees. Appellants argue on appeal that the heirs of decedent may pursue a wrongful death action for mental anguish and punitive damages for an intentional tort committed by the employer even though the Workers' Compensation benefits ordinarily is the exclusive remedy for physical injury to an employee. We uphold the ruling by the trial court.

The complaint filed by the widow and heirs of decedent, who died from self-inflicted gunshot wounds, alleged that the employer, appellee, and two supervisory employees

pursued a course of conduct which constituted intentional and negligent infliction of emotional distress and mental and emotional assault on decedent. It is fair to state that the complaint was framed to allege an intentional tort was committed by the two employees and that such acts were imputed to appellee by virtue of respondeat-superior, master-servant, and the principal-agent relationship. The complaint alleged further that the Workers' Compensation law did not supplant the common law remedy sought. The complaint also acknowledged that the widow and the two minor children made a claim for workers' benefits and entered into a joint petition which was approved by the Commission. The other heirs did not execute the joint petition.

All three defendants filed motions to dismiss on grounds that the complaint did not state a cause of action because the widow had received benefits pursuant to the Workers' Compensation Act and that appellants were estopped as a matter of law because they had elected to pursue benefits under the Workers' Compensation Act. The court rejected the motions of the two employees but granted appellee's motion by stating: "That the Motion to Dismiss filed by the Defendant, Orbit Valve Company, Inc., should be and is hereby granted." It is from this dismissal that appellants appeal.

The only matter for consideration on this appeal is whether the widow and children, or other heirs of decedent have a claim against the employer for damages resulting from decedent's death. The employer-employee relationship is not disputed for the purposes of this appeal, We treat the dismissal of the employer as having been based upon the employer-employee relationship and the Workers' Compensation Act as being the exclusive remedy. The complaint did not allege that appellee committed or commanded these acts which were allegedly committed by the two fellow employees. Therefore, if the employer did not commit, command or authorize these acts, then they were not intentional from his viewpoint. *Larson's Workmens' Compensation,* Sec. 6821. It is true that an employer cannot feloniously assault an employee and relegate the injured

employee to his remedies under the Workers' Compensation Act. *Heskett* v. *Fisher Laundry & Cleaners Company, Inc.,* 217 Ark. 350, 230 S.W.2d 28 (1950). After a willful and intentional assault by an employer on an employee the injured employee may elect to sue the employer at common law for the injury inflicted. *Heskitt, supra.* The general rule is that an injured employee's right to recover for job-related injuries is exclusively under the Workers' Compensation Act. However, when the employee is able to show actual, specific and deliberate intent by the employer to injure him, he may avoid the exclusive remedy under the Workers' Compensation law and proceed in a common law tort action. *Griffin* v. *George's, Inc.,* 267 Ark. 91, 589 S.W.2d 24 (1979).

Whenever an employee is injured by the willful and malicious acts of his employer he may treat the acts of the employer as a breach of the employer-employee relationship and seek full damages in a common law action. However, he must elect one or the other. *Heskett, supra.* The mere fact that an employer's supervisory employee injures another employee by inflicting an intentional tort is not cause to allow a common law action for damages against the employer. To do so would open the door to a flood of tort actions simply because an employee could merely allege the tortfeasor was a notch above him and thereby evade the Workers' Compensation law restrictions. An election once made and pursued to recovery prevents a subsequent claim to the other type of relief. Here the widow elected to make a claim under the Workers' Compensation Act. She cannot now return to a common law action against the employer for damages. The joint petition executed by appellant before the Workers' Compensation Commission stated in part: "The Claimants contend that their husband and father sustained a compensable injury arising out of and in the course of his employment . . ." Appellants then accepted $19,625 as a complete settlement for all claims arising pursuant to the Workers' Compensation Act. The rights granted by the Act are "exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next [of] kin or anyone otherwise entitled to

recover damages from such employer . . ." Ark. Stat. Ann. § 81-1304 (Supp. 1983).

In the present case the other heirs are in the same position as the widow and children as to the dismissal of the complaint for failure to state a cause of action which would exempt the claim against the employer from the exclusiveness of the Workers' Compensation Act. The acts of the other employees are not automatically imputed to the employer. Before an action may be sustained there must be allegations of willful and intentional acts by the employer or it must be alleged that he directed, authorized or commanded his other employees to do the wrongful acts. Neither allegation was contained in the complaint.

We recognize that *Owens* v. *Bill & Tony's Liquor Store,* 258 Ark. 887, 529 S.W.2d 354 (1975) held that the mere filing of a common law action did not prevent a subsequent claim for benefits under the Workers' Compensation Act. Here, however, the claim for benefits resulted in a settlement of the claim pursuant to the Act. In such a case we hold that the election prevents a subsequent claim under the common law.

Affirmed.