## Donald FORE *v.* CIRCUIT COURT OF IZARD COUNTY

87-2                                  727 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*David Hodges* and *Lewis Jones*, for petitioner.

*Bill W. Bristow, P.A.*, for respondent Peggy Carpenter, Administratrix of the Estate of Larry Preston Carpenter, deceased.

*Tom Allen*, for respondent Bobby Gene Dickerson and June Dickerson.

*Gardere & Wynne* and *Penix Law Firm*, for respondents Atlas Powder Co. and Deupree Distributing Co.

JOHN I. PURTLE, Justice. This case concerns tort claims arising out of an on-the-job accident that resulted in the death of one employee and the injury of another. Both claims have been accepted by the employer and its insurance carrier as compensable injuries. The plaintiffs' (respondents') complaints filed against the petitioner, who was the supervisor of the work being done at the time of the accident, allege that the supervisor was negligent in keying a microphone, causing dynamite to explode.

This explosion resulted in the injuries complained of by the respondents.

Depositions taken before the hearing revealed that the petitioner was the foreman of the injured employees at the time of the blast. The petitioner filed a motion to dismiss and a motion for summary judgment, alleging immunity from suit based upon the exclusivity of the Workers' Compensation Act. The trial court denied both motions. The petitioner then filed a petition for a writ of prohibition in this Court. The arguments for the issuance of this writ are that the petitioner is protected by the Workers' Compensation Act and that there is no adequate remedy at law. Under the facts and circumstances of this case, we agree and issue the writ.

The facts of the case are uncomplicated and undisputed for the most part. Donald Fore (the petitioner) was the supervisor of Larry Carpenter (the decedent) and Bobby Dickerson (the injured). All three men were employees of Drake's Backhoe Work, Inc. The death and injuries complained of arose out of and in the course of the employees' employment.

■ We first consider the threshold question of whether a writ of prohibition is the proper and correct remedy in this case. The respondents correctly quote our holding in *Farm Bureau Mutual Insurance Company of Arkansas* v. *Southall*, 281 Ark. 141, 661 S.W.2d 283 (1983), which states: "a petition for a writ of prohibition is not the proper remedy for failure of the trial court to grant a motion to dismiss." We reaffirm this statement; however, for reasons stated herein, we hold that the present case is an exception to the rule.

■■ Prohibition is an extraordinary remedy and will not be granted unless the lower court clearly lacks jurisdiction or there is no adequate remedy at law. *Arkansas Nursing Home, Inc.* v. *Rogers*, 279 Ark. 433, 652 S.W.2d 15 (1983). The writ of prohibition has its genesis in the Ark. Const. of 1874, art. 4, § 7, which establishes the powers of the Arkansas Supreme Court and states in part:

> [I]n aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo

warranto, and, other remedial writs, and to hear and determine the same. Its judges shall be conservators of the peace throughout the State, and shall severally have power to issue any of the aforesaid writs.

■ We have frequently stated that prohibition is a proper remedy to prevent a lower court from exceeding its jurisdiction. An examination of our cases reveals that we have not limited the term "jurisdiction" to only subject matter considerations; rather, we have used the term "jurisdiction" in a broad sense. We have issued writs of prohibition to prevent a court from doing an act clearly contrary to the undisputed facts, in excess of authority, or where the writ is clearly warranted. For example, in *Norton* v. *Hutchins*, 196 Ark. 856, 120 S.W.2d 358 (1938), this Court held that a writ of prohibition lies where an inferior court is proceeding in a matter beyond its jurisdiction. In *Norton* the petitioner sought a writ of prohibition to prohibit a chancellor from issuing a restraining order against her. The underlying action was against the petitioner's former husband to enforce a property settlement agreement. The petitioner obtained a temporary prohibition order from Associate Justice Baker and the full court later issued a permanent writ. The subject matter of the *Norton* case was clearly within chancery subject matter jurisdiction. However, the trial court was about to make an order which was not proper under the law. This same rationale applies to many of our cases concerning prohibition.

■ We issued a writ of prohibition in *Tucker Enterprises, Inc.* v. *Hartje*, 278 Ark. 320, 650 S.W.2d 559 (1983). There the question presented was one of venue, not subject matter jurisdiction. In *Goodall* v. *Williams*, 271 Ark. 354, 609 S.W.2d 25 (1980), we granted a writ prohibiting the circuit court from taking evidence de novo, in an appeal from a decision of the ABC. There we stated:

A writ of prohibition is, of course, appropriate to relieve one from the onerous burden of litigation when the trial court is attempting to act wholly without jurisdiction or is threatening or about to act in excess of its jurisdiction.

In *Goodall* there was no question of subject matter jurisdiction; it was simply the manner in which the court intended to proceed on appeal from the decision of an administrative agency.

We also issued a writ of prohibition in *Curtis* v. *Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981). There we stated:

> Ordinarily we would not issue a writ of prohibition in such a case. Such a writ is discretionary and is most often used when the trial court has no jurisdiction, has clearly exceeded its authority, or there are no disputed facts and the writ is clearly warranted.

We used the same language in *Webb* v. *Harrison*, 261 Ark. 279, 547 S.W.2d 748 (1977). Further citations are unnecessary to establish that we have used the term "lack of jurisdiction" in a manner so as to allow the issuance of the writ even when subject matter is properly in the lower court if the facts are undisputed and the writ is clearly warranted.

The respondents base their resistance to this petition on the allegation that the petitioner was responsible for his individual act of negligence and that such negligent act was unrelated to the employment relationship, thereby rendering him a third party tortfeasor and liable for his individual act of negligence. The trial court agreed with respondents' theory, subject to proof of the allegations.

The petitioner relies upon Ark. Stat. Ann. § 81-1304 (Supp. 1985) as a defense to personal liability. This statute is part of the Workers' Compensation Act and in pertinent part states:

> The rights and remedies herein granted to an employee subject to the provisions of this Act [§§ 81-1301—81-1349], on account of injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next [of] kin, or anyone otherwise entitled to recover damages from such employer, or any principal, officer, director, stockholder, or partner acting in their capacity as an employer, on account of such injury or death, and the negligent acts of a co-employee shall not be imputed to the employer.

The respondents rely upon another part of the Act, Ark. Stat. Ann. § 81-1340(a)(1) (Repl. 1976), which states in part:

> The making of a claim for compensation against any employer or carrier for the injury or death of an employee

18

shall not affect the right of an employee, or his dependents, to make claim or maintain an action in court against any third party for such injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in such action.

This Court has held many times that an employer is immune from liability for damages in a tort action brought by an injured employee. See *Brown* v. *Patterson Construction Co.*, 235 Ark. 433, 361 S.W.2d 13 (1962). There are a few narrow exceptions to this general rule. Liability on the basis of a wilful and malicious act by an employer's supervisor will not render the employer liable to the employee. We have also stated that if the acts of the employer are wilful and intentional, the employee has the right to elect his remedy. *Sontag* v. *Orbit Valve Co.*, 283 Ark. 191, 672 S.W.2d 50 (1983). In the cases of *Lewis* v. *Industrial Heating and Plumbing*, 290 Ark. 291, 718 S.W.2d 941 (1986) and *Simmons First National Bank* v. *Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985), we held that immunity from personal liability would be extended to supervisors acting on behalf of their employer. In the present case there is no allegation that the act of the supervisor was either wilful or intentional. Therefore, the petitioner was acting as the alter ego of the employer and was acting in conformity with the duties owed to his employer.

In *Simmons* and *Lewis* we addressed the immunity of employers' supervisors with respect to the failure to furnish a safe work place. These cases were appealed from the trial courts' granting of summary relief. However, based upon the undisputed facts of the present case, it is inescapable that we would have affirmed the trial court if summary relief had been granted in favor of the petitioner. Also, it is equally clear that if the case were here on appeal from a judgment in favor of the employees or their dependents, we would be compelled to reverse and dismiss.

Although failure to grant a motion for summary judgment is not generally an appealable order, we held in *Robinson* v. *Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987), that the defense of qualified immunity presents an exception to this rule. The present defense is based upon a claim of statutory immunity. A petition for a writ of prohibition, under the facts of this case, occupies the office of an appeal from a refusal to grant a summary

judgment. The denial of the petitioner's motion for summary judgment in this case, like in *Robinson*, destroyed the immunity defense claim. Had it been granted, it would have discontinued the action. The undisputed facts in this case are that the petitioner was acting within the scope of his supervisory duties during the course of his employment. Therefore *Simmons* and *Lewis* are controlling.

Under the undisputed facts of this case, it is certain that we would uphold a verdict in favor of the petitioner because the Workers' Compensation Act is the exclusive remedy available to respondents. It would no doubt be a laborious and expensive process to allow this case to proceed to trial against Fore. A trial would be a futile gesture. The writ is clearly warranted when the result of the trial, under any factual situation alleged or any reasonable inferences deducible therefrom, is a foregone conclusion. Therefore, to prevent untold time and expense, as well as unnecessary grief to the parties, we hold that the writ should be granted.

Writ granted.

DUDLEY, J., concurs.

NEWBERN, J., not participating.