Jeffery Lee ALLEN, Administrator of the Estate of Wayne R. Allen, Deceased, and as Natural Guardian and Loco Parentis for Dedrick Allen, Diedra Allen, Margaret Allen, Ferbia Allen, Larry Allen, and Charlotte Jones *v.* Dale KIZER, Ronnie Luttman, Brad Jackson, David Alverson, Rommie Morris, and Haden Jones

87-208                                          740 S.W.2d 137

Supreme Court of Arkansas
Opinion delivered November 30, 1987
[Rehearing denied January 13, 1988.]

*Brockman & Norton,* by: *E.W. Brockman, Jr.,* for appellants.

*Ramsey, Cox, Lile, Bridgeforth, Gilbert, Harrelson & Starling,* for appellees.

JACK HOLT, JR., Chief Justice. In this tort action, the appellant alleges that the circuit court erred in refusing to recuse, failing to render a default judgment, and in granting appellee's motion for summary judgment. We find no error in these actions and affirm the trial court.

On March 30, 1984, appellant Jeffery Lee Allen, administrator of the estate of Wayne R. Allen, filed a complaint against

the appellees, Dale Kizer, Ronnie Luttman, Brad Jackson, David Alverson, Rommie Morris, and Haden Jones ("employees"), who were the controller, plant superintendent, shift foreman, relief shift foreman, assistant plant superintendent, and maintenance employee, respectively, of Planters' Cotton Mill. The estate alleged that the employees were negligent in allowing bare wires to exist in the work area of the mill. These wires came into contact with a hopper that Allen was loading with cotton, which resulted in his death by electrocution.

On the morning of May 10, 1984, the deadline for filing the answer to the estate's complaint, the employees' attorney dictated the final draft of the answer to his secretary. Under normal circumstances the attorney would have returned between 3:30 and 4:00 p.m. to sign the answer and place it in the hands of a runner for filing. However, at approximately 3:30 p.m. the attorney was met in the hallway by one of his partners who stated, "We need to meet, we've got a problem." One of the firm's associates was apparently having significant professional and personal problems. The attorney and the rest of the partners in the firm met to discuss the matter for a couple of hours. As a result of this distraction, the attorney failed to file the answer when due.

On May 11, 1984, the estate filed a motion for default judgment, and the employees filed a belated answer and a motion to extend the time in which to file an answer. On August 21, 1984, the circuit judge denied the motion for default judgment and granted the motion for extension of time stating that the attorney's failure to file was the result of excusable neglect or other just cause. He concluded that the circumstances, the complexity of the case, and the heavy legal responsibilities of the attorney in this case and others constituted excusable neglect or other just cause.

On December 23, 1986, the employees filed a motion for summary judgment alleging that the duty to provide a safe place to work is a nondelegable duty of an employer and that the Arkansas Worker's Compensation Act provides the exclusive remedy for the estate. The trial court granted this motion. From the various findings and orders as to recusal, default judgment, and summary judgment, the estate appeals.

The estate first contends that the trial judge should have recused. The state in its affidavit stated that the judge commented

on May 11, 1984, at a hearing on the motion for default judgment, before testimony was taken, that if the employees were only one day late in filing their answer, he would allow them to file their answer and would deny the motion for default judgment. On May 30, 1984, the estate asked the judge to recuse, but he refused stating that the affidavit was not correct as to what he had said. However, he did state that "my inclination would probably be that if the answer was filed just one day late, my leanings probably would be toward allowing the filing of any answer. It certainly was not a prejudgment."

The estate argues that the statements of the trial judge amount to an obvious objective demonstration of prejudice in violation of Canon 3(C) of the Code of Judicial Conduct. We disagree. Canon 3(C) requires a judge to disqualify himself in a proceeding in which his impartiality might reasonably be questioned. "The fact that a judge may have, or develop during the trial, an opinion or a bias or prejudice does not make the trial judge so biased and prejudiced as to require his disqualification in further proceedings." *Matthews* v. *Rodgers*, 279 Ark. 328, 651 S.W.2d 453 (1983). "Whether a judge has become biased to the point that he should disqualify himself is a matter to be confined to the conscience of the judge." *Id.* The circuit court judge merely indicated his opinion regarding the application of law pending a full hearing. This opinion did not make the judge so biased as to require his disqualification.

The estate also contends that the circuit court erred in finding that the attorney's failure to file a timely answer was due to excusable neglect or other just cause. Ark. R. Civ. P. 6(b) provides the following:

> Enlargement: When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, unavoidable casualty or

other just cause, but it may not extend the time for taking an action under Rules 50 (b), 52 (b), 59 (b), (d) and (e) and 60 (b), except to the extent and under the conditions stated in them.

In *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982), the attorney prepared an answer, but he put it in a place where it was covered by other papers, and as a result, it was not discovered until four days after its due date. We held that the trial judge abused his discretion in condoning such negligence by refusing to grant a default judgment. We stated, "If such carelessness is excusable, then any attorney can shift the responsibility for filing any pleading to his secretary by simply dictating the pleading and dismissing the pleading from his mind."

We see no basic difference in *DeClerk* and this case. If the attorney believed that the problem with the associate was of such importance that it demanded his full attention, he could have delegated the responsibility for filing to another attorney in the firm, who would have understood the necessity of a timely filing. Instead, he merely failed to take any action on the matter. The fact that the answer was filed only one day late is of no consequence whatsoever.

We state without reservation that the attorney of the employees responsible for the late filing failed to show excusable neglect, unavoidable casualty, or other just cause. Accordingly, we conclude that the trial court erred in finding that the attorney's conduct was excusable and, thus, in allowing the answer to be filed.

Even though the attorney's conduct is inexcusable, it does not automatically follow that the circuit court erred in failing to render a default judgment. "The rendition of a default judgment upon a complaint which fails to state facts sufficient to state a cause of action is reversible error." *Thompson* v. *Dildy*, 227 Ark. 648, 300 S.W.2d 270 (1957); *see also Kohlenberger* v. *Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555 (1974). If the estate's complaint which is before us does not state facts sufficient to state a cause of action, the trial court did not err in refusing to render a default judgment or in granting the employees' motion for summary judgment.

We denied tort immunity in *King* v. *Cardin*, 229 Ark. 929, 319 S.W.2d 214 (1959) for two fellow employees, a truck driver and a laborer, who negligently backed over the decedent employee with a truck. We held that for the purposes of Ark. Stat. Ann. § 81-1340 (Repl. 1976) of the Worker's Compensation Act, an employee's claim against his employer does not affect his right to sue a negligent co-employee. However, in *Neal* v. *Oliver*, 246 Ark. 377, 438 S.W.2d 313 (1969) we stated that the duty to provide a safe place to work is that of the employer and cannot be delegated to an employee.

Recently, in *Simmons First Nat'l Bank* v. *Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985), we held that supervisory employees are immune from suit for negligence in failing to provide a safe place to work. *See Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987). In *Simmons* we stated, "Since an employer is immune under the Worker's Compensation statutes from suit for a negligent failure to provide a safe place to work, the same immunity should protect supervisory employees when their general duties involve the overseeing and discharging of that same responsibility."

Based upon our holdings in *Simmons* and *Fore*, we conclude that supervisory as well as non-supervisory employees are immune from suit for negligence in failing to provide a safe place to work. Dale Kizer, controller of the mill, Ronnie Luttman, plant superintendent, Rommie Morris, assistant plant superintendent, and David Alverson, relief shift foreman, were clearly acting as supervisory employees of the mill at the time of the accident. They are immune under our holdings in *Simmons* and *Fore*.

Haden Jones, a maintenance employee of the mill, was not acting as a supervisory employee but simply as a fellow employee of Allen. One of his duties as a maintenance employee was to check and repair the electrical equipment in the plant. Even assuming that he was negligent in the maintenance of the bare wires that caused the death by electrocution of Allen, he is immune from suit because failing to repair or check for bare wires involves failure to provide a safe place to work. No negligence apart from the failure to provide a safe place to work is alleged.

We find that the estate has failed to state a cause of action

since the employees of the mill are immune from suit. The trial court was correct in refusing to render a default judgment and in granting the motion for summary judgment.

Affirmed.

HAYS, J., concurs.

STEELE HAYS, Justice, concurring. While I concur in the affirmance I do not agree that the trial court's discretion was abused under the circumstances of the case. Well within the time for response an attorney for the appellees called appellants' counsel to ask for an extension of time in which to plead, a common practice. It was agreed and an order was entered extending the time to May 10, 1984. On the morning of May 11 counsel for appellees called opposing counsel to explain that the answer had been prepared the previous afternoon but had not been filed due to the events outlined in the majority opinion. Counsel for appellant neither agreed nor objected to the late filing but said he would consider the matter and call back, which he did. In this conversation it was arranged that appellees' motion would be presented to the trial court at 1:30 p.m. ARCP Rule 6(b) gives the trial court the discretion to grant a motion made after the expiration of the specified period to permit an act to be done where the failure is the result of excusable neglect, unavoidable casualty or *other just cause.*

The majority opinion regards this case as indistinguishable from *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). But the problem there was neglect, pure and simple, extending over four days rather than overnight. And here, there were mitigating circumstances which the trial court found to justify the brief default. The case more nearly resembles *Cammack* v. *Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984), where we held the trial court's discretion was not abused. Citing *Burns* v. *Shamrock Club*, 271 Ark. 572, 609 S.W.2d 55 (1980), we said:

> It is within the sound discretion of the trial court to grant or deny a motion to set aside a default judgment, and the question on appeal is whether there has been an abuse of that discretion. *Default judgments are not favorites of the law and should be avoided when possible.* (citations omitted). (My emphasis).

Furthermore, ARCP Rule 55 provides that a default judgment should be entered when a party "fails to appear or otherwise defend." Here, the appellees defended when they filed their motion to dismiss. This holding is also consistent with Ark. Stat. Ann. § 27-1160 (Repl. 1979) which provides that, "The court must in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." There was no prejudice to these appellants by the appellees' delay in filing their answer.

Under the circumstances in their entirety, I cannot conclude the trial court's discretion was abused in refusing to enter a default judgment in this case.