PHILLIP T. WHITEAKER, Judge, concurring in part and dissenting in part. I agree with the majority opinion’s conclusions that the Arkansas Workers’ Compensation Commission correctly exercised its jurisdiction, that appellant William Curtis was injured within the course and scope of his employment, and that the supreme court’s decision in Miller v. Enders, 2013 Ark. 23, 425 S.W.3d 723, renders moot Curtis’s argument concerning the constitutionality of co-employee immunity. I must respectfully dissent, however, from the majority’s conclusion that appellee Michael Lemna is entitled to immunity from Curtis’s tort action. Arkansas Code Annotated section 11-9-105 (Repl.2012) provides immunity to an employer from tort actions for injuries arising out of employment. In Neal v. Oliver, 246 Ark. 377, 438 S.W.2d 313 (1969), the supreme court held that the duty to provide a safe place to work is that of the employer and cannot be delegated to an employee. The court has extended employer immunity and expanded the duty to provide a safe work place to employees in two fact-specific situations. First, immunity has been extended for negligent failure to provide a safe work place to supervisory employees when their general duties involve the overseeing and discharge of a safe work place on behalf of the employer. See Simmons First Nat’l Bank v. Thompson, 285 Ark. 275, 686 S.W.2d 415 (1985). Second, | ^immunity has been extended for negligent failure to provide a safe work place to non-supervisory employees when the employee’s duties involved the duty to provide a safe work place. See Allen v. Kizer, 294 Ark. 1, 6, 740 S.W.2d 137, 140 (1987). Both of these exceptions are fact-driven; that is, whether an employee maintains a supervisory status and whether the duties of the supervisory position involve overseeing and discharging a safe work place depends on the facts of the case. Similarly, whether a non-supervisory employee’s job description involves a duty to provide a safe work place is dependent on the facts. For example, in Allen, a worker died by electrocution from the employer’s machinery. Jones, the non-supervisory employee, was a maintenance employee. His job duties were to check and repair the electrical equipment, including the equipment that caused the death. Under those facts, the supreme court held that Jones was acting on behalf of the employer to provide a safe work place and extended immunity to him. In Rea v. Fletcher, 39 Ark.App. 9, 832 S.W.2d 513 (1992), Rea and Fletcher were both employed at a construction site. The employer instructed the employees to park off-site, and the employer provided a shuttle to the construction site. On the day of the injury, the employer instructed Fletcher to use his personal vehicle to transport employees to the job site. Rea fell out of the back of Fletcher’s vehicle and was injured. Given these facts, the supreme court determined that Fletcher, in providing the shuttle, was acting on behalf of the employer to provide a safe work place and extended immunity to him. Most recently, in Miller v. Enders, supra, the supreme court held that immunity will be extended to a non-supervisory co-employee where the co-employee is charged with the [ ^employer’s duty to provide a safe workplace. There, Enders was the pilot of an air-ambulance helicopter. The helicopter crashed as he was piloting it, and Miller, the flight nurse, and Bratt, an EMT, were injured in the crash. The supreme court held that the record demonstrated that Enders was a co-employee charged with the employer’s duty to provide a safe workplace: “Enders’s sole responsibility was to operate the workplace, a roving helicopter, in a safe manner and to safely transport patients.... Further, as the pilot-in-command, Enders was delegated the authority concerning matters of flight safety and aircraft operation.” Miller, 2013 Ark. 23, at 7-8, 425 S.W.3d 723, 727-28. Because Enders had been specifically charged with the employer’s nondele-gable duty of providing a safe workplace, the supreme court held that Enders was entitled to immunity. As noted by the majority opinion, the supreme court in Miller held that co-employee immunity “cloaks certain co-employees in limited fact scenarios with immunity as an employer when they are fulfilling their employer’s duties to provide a safe work place.” Miller, 2013 Ark. 23, at 13, 425 S.W.3d at 730 (emphasis added). I dissent from the majority opinion because I do not believe, under the specific facts of this case, that the employer’s immunity should be extended to Lemna. Lemna and Curtis were nothing more than co-employees. Neither had supervisory capacity over the other, so the first exception, set forth in Simmons, supra, does not apply. Moreover, while Curtis and Lemna were engaged in an employer-sponsored event, nothing about Lemna’s participation in the event related directly to providing a safe work place. Therefore, the second exception found in Allen, supra, does not apply either. Finally, participation in the golf outing was not a specific duty of Lemna’s 117position with the employer; as such, unlike Rea and Miller, there was no direct command or sole responsibility devolved from the employer onto Lemna to take any kind of specific action pertaining to the event. Based on the facts of this case, I would not find that Lemna was charged with the responsibility of fulfilling Dial’s duty to provide a safe work place to Curtis, and I would reverse the Commission’s conclusion that Lemna was entitled to his employer’s immunity. WYNNE, J., joins in this opinion.